471 So.2d 1 (1983)
Orla RALPH, Petitioner,
v.
CITY OF DAYTONA BEACH, a Municipal Corporation, and Cheryl Ann Fetsko, Respondents.
No. 62094.
Supreme Court of Florida.
February 17, 1983.
Rehearing Denied June 27, 1985.
Paul Bernardini of LaRue and Bernardini, Daytona Beach, and Cynthia S. Tunnicliff of Carlton, Fields, Ward, Emmanuel, Smith, and Cutler, Tallahassee, for petitioner.
Alfred A. Green, Jr., Frank B. Gummey, III, Robert G. Brown and Reginald E. Moore, Daytona Beach, for respondent.
Alan E. DeSerio, Appellate Atty. and John H. Beck, Gen. Counsel, Tallahassee, for Dept. of Transp., amicus curiae.
EHRLICH, Justice.
The limited issue in this case is whether a complaint that alleges that the City of Daytona Beach allowed a known hazardous condition to exist on the beach without warning the public invited to use the beach for recreational purposes of that known hazardous condition, states a cause of action able to withstand a motion to dismiss. We hold that it does.
The petitioner sued the City of Daytona Beach and Cheryl Fetsko for injuries she sustained on a Sunday afternoon in August when a car driven by Fetsko ran over her while she was sunbathing on Daytona Beach. In the count directed to the city, petitioner contended that by virtue of a charter provision declaring and making the beach between the high and low water mark within the city limits a public highway, which provision also gave the city jurisdiction, supervision and control over the highway, the city had assumed an obligation to exercise reasonable care for the safety of the public by accepting such power; that the city had invited sunbathers to use the beach and is held to the same duty of care as is required of private persons and corporations, to-wit: reasonable care for the safety of such persons who use the beach pursuant to said invitation; that the *2 city had a duty to petitioner to keep said beach in a reasonably safe condition and to warn persons such as petitioner while using said beach of known dangerous conditions; that the city had a duty to warn petitioner of the danger of motor vehicle traffic not being supervised; that the city failed to comply with its duty; and that as a direct and proximate cause of the city's negligence and carelessness, petitioner was injured. The trial court dismissed with prejudice petitioner's third amended complaint for failure to state a cause of action. The district court affirmed on the grounds that the regulation of traffic on the beach was a discretionary, planning level function and thus the city was immune from suit. Ralph v. City of Daytona Beach, 412 So.2d 875 (Fla. 5th DCA 1982). Petitioner then sought review of the district court's opinion alleging in this Court that the opinion expressly and directly conflicted with Savignac v. Department of Transportation, 406 So.2d 1143 (Fla. 2d DCA 1981), petition denied, 413 So.2d 875 (Fla. 1982); Neilson v. City of Tampa, 400 So.2d 799 (Fla. 2d DCA 1981), quashed, 419 So.2d 1071 (Fla. 1982); and Collom v. City of St. Petersburg, 400 So.2d 507 (Fla. 2d DCA 1981), approved, 419 So.2d 1082 (Fla. 1982). We have jurisdiction pursuant to article V, section 3(b)(3), Florida Constitution, and we hereby quash the decision of the district court below.
The sole issue in this case is whether the trial court erred in granting the motion to dismiss the third amended complaint which undertook to allege a cause of action against the city for negligently failing to warn of a known hazardous condition. For the purposes of a motion to dismiss for failure to state a cause of action, allegations of the complaint are assumed to be true and all reasonable inferences arising therefrom are allowed in favor of the plaintiff. Orlando Sports Stadium, Inc. v. State ex rel. Powell, 262 So.2d 881 (Fla. 1972); Popwell v. Abel, 226 So.2d 418 (Fla. 4th DCA 1969). Applying that standard to the instant case, we find that petitioner's third amended complaint does state a cause of action.
Department of Transportation v. Neilson, 419 So.2d 1071 (Fla. 1982), is closely on point. There, the trial court dismissed plaintiff's complaint against the governmental entity because of planning level immunity. We agreed with the trial court under the specific factual posture of that case but stated that "[i]f the complaint had alleged a known trap or dangerous condition for which there was no proper warning, such an allegation would have stated a cause of action." 419 So.2d at 1078. The rationale behind this statement is language from Neilson and the holding of City of St. Petersburg v. Collom, 419 So.2d 1082 (Fla. 1982). In Neilson, we said:
The failure to so warn of a known danger is, in our view, a negligent omission at the operational level of government and cannot reasonably be argued to be within the judgmental, planning-level sphere. Clearly, this type of failure may serve as the basis for an action against the governmental entity.
419 So.2d at 1078. Likewise, we said in Collom:
We hold that when a governmental entity creates a known dangerous condition, which is not readily apparent to persons who could be injured by the condition, a duty at the operational-level arises to warn the public of, or protect the public from, the known danger. The failure to fulfill this operational-level duty is, therefore, a basis for an action against the governmental entity.
419 So.2d at 1083. The complaint in the instant case did allege a dangerous condition for which there was no proper warning and as such did state a cause of action. The motion to dismiss was thus improvidently granted.
The allegations in the third amended complaint, at the very least, come within Neilson in alleging that the city was negligent in failing to warn sunbathers that there would be no adequate traffic supervision.[1] *3 While the fact of vehicular traffic on the beach was widely-known, it was not readily apparent to sunbathers invited to use the beach for sunbathing that this lethal mixture of cars and reclining persons was inadequately supervised. The city clearly had a duty to warn of its inadequate supervision and thus protect the public from this known danger. It is within this context of this not-readily-apparent danger that the instant complaint alleges its cause of action.
The scope of this opinion is narrow. We do not resolve the issue of whether the city, in fact, breached a duty to warn. Resolution of that issue concerns the "readily apparent" nature of the danger in this particular instance, (see Metropolitan Dade County v. Yelvington, 392 So.2d 911 (Fla. 3d DCA), petition denied, 389 So.2d 1113 (Fla. 1980); Pittman v. Volusia County, 380 So.2d 1192 (Fla. 5th DCA 1980)), the relative rights of sunbathers and motorists on beaches, (see White v. Hughes, 139 Fla. 54, 190 So. 446 (1939); Town of Atlantic Beach v. Oosterhoudt, 127 Fla. 159, 172 So. 687 (1937); Sallas v. State, 98 Fla. 464, 124 So. 27 (1929)), as well as other factors not relevant to our discussion of the motion to dismiss but proper before a trier of fact.
*4 We thus hold that a cause of action was stated in the instant case and it was error to dismiss the third amended complaint. We quash the decision of the district court below with instructions that the third amended complaint be reinstated.
It is so ordered.
ADKINS, BOYD and OVERTON, JJ., concur.
ALDERMAN, C.J., and McDONALD, J., dissent.
NOTES
[1] Relevant portions of the Third Amended Complaint read as follows:

17. On Sunday, August 28, 1977, at approximately 4:50 P.M., the above-described section of the Atlantic Ocean Beach was crowded with swimmers, sunbathers and motor vehicle traffic of all types. Plaintiff herself was a sunbather on said Atlantic Ocean Beach. Defendant City had invited through advertisements and other promotional means, these persons, including the plaintiff herself, to use the above-described beach. Defendant City maintained said beach as a public resort and knew large numbers of crowds congregated in this area at this particular time of year particularly on a Sunday. Defendant City maintained said beach as a public resort. As such, defendant City had a duty to use reasonable care to exercise all proper precautions, skill and care commensurate with the circumstances to maintain the beach in a reasonably safe condition and to have a sufficient number of attendants and policemen present to see that a reasonably safe condition existed.
18. At the above-described date, time and place, Orla Ralph was using said beach for the intended purpose, to-wit: sunbathing on the beach near the Atlantic Ocean water.
19. At said time and place, defendant City did negligently and carelessly breach one or more of the above-described duties in that defendant City negligently and carelessly failed to provide a sufficient number of attendants and policemen to properly control traffic, negligently and carelessly failed to properly supervise motor vehicle traffic in this area by allowing motor vehicles to drive in an area where sunbathers were lying on the beach even though there were other areas where motor vehicle traffic should properly have been directed; defendant City negligently and carelessly failed to properly supervise motor vehicle traffic in this area by allowing motor vehicles to drive in an area where sunbathers were lying on the beach even though there were other areas where motor vehicle traffic should properly have been directed and even though there was known by defendant City an unreasonably high risk of harm to sunbathers being injured by motor vehicle traffic; defendant City was further negligent and careless in failing to warn sunbathers of the danger of sunbathing on the beach and the dangers of motor vehicle traffic not being properly supervised and in failing to warn sunbathers such as the plaintiff herself of an insufficient and inadequate number of attendants and policemen to properly supervise traffic; defendant City was further negligent in failing to properly warn the plaintiff of the danger of motor vehicle traffic driving along the Atlantic Ocean Beach near the water where sunbathers such as the plaintiff herself were sunbathing; defendant City negligently and carelessly failed to properly warn the plaintiff of these hazards and negligently and carelessly failed to correct said hazards, even though defendant City had a reasonable opportunity to do so and knew or should have known of the danger at a time when the plaintiff herself was in contact in the area which should have been properly supervised and regulated and which was negligently and carelessly improperly supervised and regulated by defendant City as a part of its operational level functions. Defendant City negligently and carelessly failed to properly supervise or correct the situation where motor vehicles were operating in the area near the water where sunbathers were lying, although defendant City had an opportunity to do so; defendant City negligently and carelessly failed to provide a reasonably safe place for sunbathers and negligently and carelessly failed to provide proper lanes of traffic or proper traffic routes so that motor vehicle traffic would not proceed in and through the areas where sunbathers were bathing on the beach even though defendant City knew of the danger and had a reasonable opportunity to correct the hazard and a reasonable opportunity to keep said beach in a reasonably safe condition or to otherwise warn users of the beach of these known dangerous conditions. (emphasis supplied).