478 So.2d 414 (1985)
Enerolisa PANEQUE and Raul Paneque, Appellants,
v.
METROPOLITAN DADE COUNTY, a Political Subdivision of Florida, Appellee.
No. 85-816.
District Court of Appeal of Florida, Third District.
November 5, 1985.
*415 Charles B. Patrick, Miami, for appellants.
Robert A. Ginsburg, Co. Atty., and John E. Finney, Miami, for appellee.
Before BARKDULL, HENDRY and BASKIN, JJ.
PER CURIAM.
Enerolisa Paneque was struck by an automobile as she crossed Coral Way. Mrs. Paneque and her husband sued the driver, his insurance company, the State Department of Transportation, and Metropolitan Dade County [Dade County]. This appeal involves only the Paneques' claim against Dade County. The Paneques challenge the entry of an adverse summary final judgment on the ground that genuine issues of material fact exist. They argue that, as a matter of law, Dade County may not claim immunity for failing to warn pedestrians of the dangers of crossing Coral Way or for failing to institute safety measures.
Dade County would be subject to liability only if the Paneques could demonstrate that Dade County created a dangerous condition, that it knew the condition to be dangerous, and that the dangerous condition was not readily apparent to persons who could be injured by the condition. City of St. Petersburg v. Collom, 419 So.2d 1082 (Fla. 1982); Barrera v. State, Department of Transportation, 470 So.2d 750 (Fla. 3d DCA 1985); see Payne v. Broward County, 461 So.2d 63, 66 (Fla. 1984) (governmental entity has no duty to warn pedestrians of routine dangers of crossing street midblock). The duty to warn of a known danger lies within the scope of operational-level functions. City of St. Petersburg, 419 So.2d at 1083. It is the breach of that duty that would subject Dade County to liability. See Ralph v. City of Daytona Beach, 471 So.2d 1 (Fla. 1985). Because the danger complained of by the Paneques was readily apparent, the question of Dade County's immunity was a matter of law for the judge to resolve. Richmond v. Florida Power & Light Co., 58 So.2d 687 (Fla. 1952); Johnson v. Gulf Life Insurance Co., 429 So.2d 744 (Fla. 3d DCA 1983). Finding no error in the trial judge's order, we affirm.
Affirmed.