ON REMAND
ORFINGER, Judge.
The Florida supreme court has quashed the opinion of this court reported in 467 So.2d 826 (Fla. 5th DCA 1985) and has remanded the cause for proceedings consistent with its opinion. Avallone v. Board of County Commissioners of Citrus County, et al., 493 So.2d 1002 (Fla.1986). We reconsider the case in the light of that mandate.
The plaintiff appeals from an adverse summary judgment in this personal injury suit. Because we find that there were issues of fact which require trial, we reverse.
Plaintiff was injured when she was pushed from a dock at a public park and swimming area owned and operated by Citrus County. The principal basis of her claim against the county was the failure of the county to provide supervisory personnel at the park despite its knowledge that children frequenting the park would roughhouse and play on the dock and push visitors to the dock into the water. The trial court found:
1. That the Board’s decision whether or not to provide lifeguards or other supervisory personnel for the Blue Bird Springs facility was a discretionary, planning-level decision for which, under the doctrine of sovereign immunity, it is immune from tort liability.
2. That the Board’s purchase of insurance pursuant to Fla.Stat. § 286.28 constituted a wavier of sovereign immunity to the extent of the Board’s liability insurance policy limits.
The trial court then found that the plaintiffs injury was caused by an independent intervening efficient cause, so that any act or omission of the Board of County Commissioners did not constitute the proximate cause of plaintiff’s injuries, and for this reason entered the summary judgment in favor of defendants.
The appellants did not contest the trial court’s finding that the decision of the Board to provide or not provide supervisory personnel at the park was a “discretionary, planning-level decision.” In our original decision, we noted that because that issue had not been raised, we would not determine the correctness of that ruling. Obviously we were troubled by that conclusion, but felt that it was not within our power to address it because the appellants had not raised that issue on appeal. However, the supreme court apparently disapproved the trial court’s finding when it decided that
A government unit has the discretionary authority to operate or not operate swimming facilities and is immune from suit on that discretionary question. However, once the unit decides to operate the swimming facility, it assumes the common law duty to operate the facility safely, just as a private individual is obligated under like circumstances.
493 So.2d at 1005.
On the question of whether or not the county operated the swimming facility safely, the evidence before the trial court would support a finding that the county had at least constructive notice of longstanding rowdyism and roughhousing in the park consisting, in part, of young people pushing others off the dock and into the water. Thus a jury question is created as to whether a dangerous condition existed at the park of which the county should have been aware. Schmidt v. Bowl America Florida, Inc., 358 So.2d 1385 (Fla. 4th DCA 1978). A trier of fact could thus conclude that it was foreseeable that a patron of these facilities would be injured by this roughhousing, and that the county’s failure to provide any supervisory personnel at this facility was a proximate cause of such injuries.
The county argues that the roughhousing was or should have been open and obvious to appellant, thus there was no duty to warn her of this condition, but this fact would not eliminate the county’s duty to use ordinary care to keep its premises in *936 a reasonably safe condition and to correct dangers of which it had actual or constructive knowledge. Hylazewski v. Wet ’N Wild Inc., 432 So.2d 1371 (Fla. 5th DCA 1983); Pittman v. Volusia County, 380 So.2d 1192 (Fla. 5th DCA 1980).
The trial court found that the act of plaintiff’s friend in carrying her onto the dock constituted a separate, efficient, intervening and unforeseeable cause of the injury, so that any acts or omissions of the county did not constitute the proximate cause of plaintiff’s injuries. The evidence in the record is susceptible of the finding, however, that a proximate cause of the injury was the roughhouse activity of other patrons who pushed the plaintiff and her friend off the dock and that some injury from such roughhousing was a reasonably foreseeable event which could have been avoided by having supervisory personnel at the park. The question of whether a defendant’s negligence was the proximate cause of a plaintiff’s injury is generally one for the jury unless reasonable men could not differ in their determination of that question. Helman v. Seaboard Coast Line Railroad Company, 349 So.2d 1187 (Fla.1977).
A property owner’s actual or constructive knowledge, based upon past experience, that there is a likelihood of disorderly conduct by third persons in general which may endanger the safety of his patrons, is sufficient to establish foreseeability. Stevens v. Jefferson, 436 So.2d 33, 35 (Fla.1983); Restatement (Second) of Torts § 344 comment f (1965). As stated in Crislip v. Holland, 401 So.2d 1115 (Fla. 4th DCA 1981) and approved in Stevens:
An action for negligence is predicated upon the existence of a legal duty owed by the defendant to protect the plaintiff from an unreasonable risk of harm. The extent of the defendant’s duty is circumscribed by the scope of the anticipated risks to which the defendant exposes others. In order to prevail in a lawsuit, the plaintiff must demonstrate that he is within the zone of risks that are reasonably foreseeable by the defendant. (Emphasis added). The liability of the tortfeasor does not depend upon whether his negligent acts were the direct cause of the plaintiffs injuries, as long as the injuries incurred were the reasonably foreseeable consequences of the tort-feasor’s conduct. Concord Florida, Inc. v. Lewin, 341 So.2d 242 (Fla. 2d DCA 1976). If the harm that occurs is within the scope of danger created by the defendant’s negligent conduct, then such harm is a reasonably foreseeable consequence of the negligence. The question of foreseeability and whether an intervening cause is foreseeable is for the trier of fact. Gibson v. Avis Rent-A-Car System, 386 So.2d 520 (Fla.1980).
401 So.2d at 1117.
Although we originally agreed with the county’s position that the purchase of insurance pursuant to Florida Statute, section 286.28 did not constitute a waiver of governmental or planning-level activity, the supreme court has held otherwise. 493 So.2d at 1005. Therefore the trial court correctly held that the purchase of liability insurance was a waiver of the immunity defense to the extent of such insurance.
The final summary judgment is reversed and the cause is remanded for further proceedings consistent herewith.
REVERSED and REMANDED.
UPCHURCH, C.J., and COBB, J., concur.