508 So.2d 1299 (1987)
Clara MASTERS, As Personal Representative of the Estate of Ralph A. Masters, and Clara Masters, Individually, and Charlene Durick, As Personal Representative of the Estate of Henry J. Durick and Charlene Durick, Individually, Appellants,
v.
Grosvenor S. WRIGHT and Shelly Lynn Wright, His Wife, Florida Department of Transportation, et al., Appellees.
No. 4-86-2156.
District Court of Appeal of Florida, Fourth District.
June 17, 1987.
Rehearing Denied July 21, 1987.
Osborne Walker O'Quinn, Fort Pierce, and Dennis J. Slyman, Greensburg, Pa., for appellants.
Lee E. Muschott of Brennan and Muschott, Fort Pierce, for appellee, Fla. Dept. of Transp.
PER CURIAM.
This appeal arises out of entry of summary final judgment in favor of appellee. We affirm and agree with the trial court's findings, recited hereinafter.
This case arose from an automobile-pedestrian accident on Roosevelt Bridge in Stuart, Florida. A complaint was filed by the spouse and by the personal representative of the estate of Henry Durick who was killed as a result of said accident. The Florida Department of Transportation was named as a defendant along with the owner of the car, the driver of the car and an automobile brake repair business that had *1300 undertaken the repair of the subject car's brakes.
The allegations against appellee as set forth in appellant's complaint were that appellee was negligent in failing to prohibit persons from fishing from the subject bridge; that appellee was negligent in failing to warn persons of the danger of fishing from said bridge and that appellee was negligent in designing the bridge with an unprotected pedestrian walkway.
The trial court held:
Specifically, this Court finds that the design and construction of the Roosevelt Bridge, as well as the decision to permit pedestrian traffic thereon, are planning level functions for which sovereign immunity attaches, Commercial Carrier Corp. vs. Indian River County, 371 So.2d 1010 (Fla., 1979) and Department of Transportation vs. Neilson, 419 So.2d 1071 (Fla., 1982). With respect to the failure to warn, this Court finds that the danger of pedestrians being struck by a motor vehicle on the Roosevelt Bridge is readily apparent to persons utilizing said bridge as pedestrians, and therefore there is no duty to warn of this open and obvious hazard, City of St. Petersburg vs. Collom, 419 So.2d 1082 1081 (Fla., 1982).
We affirm.
ANSTEAD, GLICKSTEIN and GUNTHER, JJ., concur.