513 So.2d 184 (1987)
Ozie L. BROWN, As Personal Representative of the Estate of Alton P. Bass, Deceased, Appellant,
v.
The FLORIDA STATE BOARD OF REGENTS, Appellee.
No. BO-50.
District Court of Appeal of Florida, First District.
September 9, 1987.
*185 J. Bruce Harper of MacPherson, Harper, Kynes, Geller, Watson & Buford, Clearwater, for appellant.
Jim Smith, Atty. Gen. and Thomas H. Bateman, III, Asst. Atty. Gen., Tallahassee, for appellee.
ERVIN, Judge.
The appellant appeals the trial court's order dismissing with prejudice his amended complaint. The trial judge granted the motion to dismiss, stating that not only did the complaint fail to state a cause of action, but the action was also barred by the doctrine of sovereign immunity. We reverse as to both theories and remand.
On May 21, 1983, Alton Bass, a 20-year-old student at the University of Florida, drowned while attending a picnic at Lake Wauberg, a lake maintained and controlled by the Board of Regents (Board). The appellant, the personal representative of Bass' estate, filed a complaint against the Board, alleging that following the issuance of a canoe and life vest to Bass by an attendant at the boat house, the canoe almost immediately overturned and Bass drowned. The complaint further stated that the university had implemented policy regarding the safe use of Lake Wauberg as a recreational facility, including the providing of lifeguards, the certification of swimming as a prerequisite of the use of certain boating equipment, but not canoes, and the furnishing of life vests to students using canoes.
Appellant alleged that the Board was negligent in failing to exercise the following duties: (1) to properly maintain and operate Lake Wauberg, (2) to warn of known dangerous conditions which existed in the park, and (3) to provide for the safety and welfare of those using the park's recreational equipment, the breach of which caused Bass' death. Specifically, the complaint alleged the following acts of negligence:
A. No swimming certification was required for the use of canoes although certification was required for sailboats and other boating equipment. At the time of his death, ALTON BASS could not swim.
B. The instructions and warnings regarding use of canoes did not include any warning regarding the inherent danger of canoe instability or its safe use.
C. No lifeguards were provided at the boat dock although the University knew or should have known that canoes were frequently overturned by students getting in and out of them prior to May 21, 1983.

*186 D. No instruction was given to ALTON BASS regarding the safe use of his lifevest.
E. No warning was given that lifeguards were not on duty at the boathouse and the boathouse attendants did not notify ALTON BASS that they were not lifeguards.
In dismissing the complaint, the trial court held that the appellant had failed to allege that the Board had breached an operational-level duty, and, alternatively, that none of the allegations was sufficient to state a breach of duty by the Board.
The issue of sovereign immunity is controlled by Avallone v. Board of County Commissioners of Citrus County, 493 So.2d 1002 (Fla. 1986), rendered shortly after the trial court's order. In Avallone, the Florida Supreme Court stated the following rule regarding the liability of governmental entities operating swimming facilities:
A government unit has the discretionary authority to operate or not operate swimming facilities and is immune from suit on that discretionary question. However, once the unit decides to operate the swimming facility, it assumes the common law duty to operate the facility safely, just as a private individual is obligated under like circumstances.
493 So.2d at 1005 (e.s.). See also Butler v. Sarasota County, 501 So.2d 579 (Fla. 1986) (county did not possess sovereign immunity, because, although it did not create the dangerous condition, it created a designated swimming area where a dangerous condition was allowed to exist). In the instant case, the Board assumed the responsibility of operating the Lake Wauberg facility and distributing recreational equipment. Once that decision was made, the Board could no longer claim immunity from an action in which it was alleged that the Board had failed to operate the facility with reasonable care. Under the circumstances, the complaint's allegations were sufficient to survive the motion to dismiss, filed on the ground that the action was barred by the doctrine of sovereign immunity.
We conclude also that the appellant has adequately alleged a common law cause of action, based on the theory that the Board breached a duty resulting in Bass' death. For the purpose of a motion to dismiss for failure to state a cause of action, all well pleaded allegations of a complaint are of course assumed to be true, as well as all reasonable inferences arising from such allegations. Ralph v. City of Daytona Beach, 471 So.2d 1 (Fla. 1983). In the amended complaint on review, the appellant alleged that the Board had failed to warn of certain known dangerous conditions, including the lack of stability of canoes, the lack of trained lifeguards on duty in the vicinity of the boating area, and the proper use and operation of the lifevest. Allegations relating to known dangerous conditions have been held sufficient to state a cause of action. See Department of Transportation v. Neilson, 419 So.2d 1071, 1078 (Fla. 1982). The issue of whether the condition alleged was in fact a "known dangerous condition" turns upon the "readily apparent" nature of the danger which is not an issue that is properly resolvable on a motion to dismiss. See Ralph v. City of Daytona Beach, 471 So.2d at 3.
We conclude that the appellant has stated a cause of action that is not barred by the doctrine of sovereign immunity, and has alleged all elements essential to support an action in negligence.
REVERSED AND REMANDED for further consistent proceedings.
SMITH, C.J., concurs.
BOOTH, J., dissents.