COBB, Judge,
concurring specially.
I concur with an affirmance of the trial court’s summary judgment for the City of Daytona Beach Shores. The trial court’s judgment found, inter alia:
1. This lawsuit stems from an unfortunate accident which occurred during the night time on the Atlantic Ocean Beach within the city limits of the CITY OF DAYTONA BEACH SHORES. The Plaintiff and Plaintiff’s decedent were pedestrians on the beach and were struck by an automobile operated by the Defendant MATTHEW BYCZEK. The Plaintiffs allege that the CITY OF DAY-TONA BEACH SHORES was negligent by allowing both motor vehicles and pedestrians on the beach after dark, failing to establish traffic lanes, failing to maintain adequate police patrols, for failing to do the above without lighting, and for failing to warn the pedestrians that the beach traffic was not adequately regulated after sunset. This case is controlled by the Supreme Court decision in Ralph v. Daytona Beach, 471 So.2d 1 (Fla.[1983] 1986).
It is clear from the decision in Ralph, supra, that the defendant city is immune from suit for all of the above allegations of negligence except the failure to warn of a known danger. The undisputed facts in this case are that the Plaintiff and Plaintiff’s decedent visited the Day-tona Beach area almost annually for a period of thirty years and on each such vacation their normal routine was to walk together on the beach in the evening. The Plaintiff and her decedent were aware of the mixture of automobiles and pedestrians on the beach at night and took precautions such as walking near the water and looking and listening for such traffic. In other words there was nothing the City could have warned them about that they were not already aware of. This was indeed an unfortunate accident wherein the Plaintiff and her deceased husband were struck down by an intoxicated hit-and-run driver. The only way the City could have possibly prevented this incident was to have prohibited automobiles from us *41 ing the beach. Perhaps more police officers, lights, or barricades separating the automobiles and pedestrians could have lessened the chance of this accident, but the failure to provide such supervision or traffic control devices or prohibit vehicles completely are decisions for which the City is immune under Ralph, supra. It is therefore the finding of this Court that there is no genuine issue as to any material fact and that Defendant CITY OF DAYTONA BEACH SHORES is entitled to a judgment in its favor as a matter of law.
In Ralph v. City of Daytona Beach, 471 So.2d 1 (Fla.1983), the Florida Supreme Court upheld a complaint which alleged a city’s negligence “in failing to warn sunbathers that there would be no adequate traffic supervision.” Id. at 2-3. The supreme court then stated:
While the fact of vehicular traffic on the beach was widely-known, it was not readily apparent to sunbathers invited to use the beach for sunbathing that this lethal mixture of cars and reclining persons was inadequately supervised. The city clearly had a duty to warn of its inadequate supervision and thus protect the public from this known danger. It is within this context of this not-readily-apparent danger that the instant complaint alleges its cause of action.
Id. at 3.
The Ralph opinion was narrow in scope and expressly did not resolve the issue of whether the defendant city in that case in fact breached its duty to warn, leaving that issue to the trier of fact.
The instant case is different. It does not concern the “lethal mixture of cars and reclining persons,” but the more routine relationship of pedestrians and motor traffic. While it may be successfully alleged that the danger presented by automobile traffic in an unsupervised beach area is not readily apparent to a reclining sunbather, it does not follow that such a danger is not readily apparent to pedestrians as a matter of proof — especially where the surviving pedestrian specifically testified via deposition that she and her husband (plaintiffs decedent) were aware of the dangers of the mixture of automobiles and pedestrians on the beach at night, had experienced it for thirty years, and took special precautions to guard against it. It is unreasonable to believe, and therefore to ask a jury to believe, that the absence of warning signs in regard to the city’s limited supervisory personnel contributed to the instant collision. Therefore, I agree the trial court should be affirmed.