## PELZ, etc. v CITY OF CLEARWATER, FLORIDA
### Case No. 85-17728-7
Sixth Judicial Circuit, Pinellas County
February 10, 1989

### APPEARANCES OF COUNSEL

**Alan S. Zimmet,** Sargent, Repka, Covert, Steen, & Zimmet, P.A., for the defendant, City of Clearwater.

**Grant Halliday,** for the plaintiff, Pelz, etc.

### OPINION OF THE COURT

HOWARD P. RIVES, Circuit Judge.

#### *FINAL SUMMARY JUDGMENT*

The within cause came on for hearing upon the Motion for Summary Judgment of defendant, City of Clearwater, Florida.

The case arose as a result of the death of Ross F. Pelz, on or about July 20, 1984. It was alleged that the decedent lost his life as a result of a rescue effort involving a child of eleven years of age whom decedent observed in the water over his head in the vicinity of the alleged beach area at the northerly portion of Sand Key in Clearwater, Florida. The parties concede that the land involved is a sandy water-

front strip of land, lying easterly of the Clearwater Pass Bridge at the junction of the waters of Clearwater Bay and the opening to the Gulf of Mexico which forms Clearwater Pass.

The plaintiff-personal representative was the wife of decedent and, by affidavit, stated that she and decedent had visited the area previously eight or nine times.

On the date of decedent's death, she and her husband intended to swim, bathe and picnic in the area.

All parties concede that the defendant City of Clearwater has never formally established the area in question as a swimming area, nor does the City maintain lifeguards, towers, safety equipment or swimming buoys or markings which the City in fact does on a beach swimming area on Clearwater Beach island which is roughly a half mile northerly of the pass area in question. Plaintiff acknowledges signs were posted and observed entitled "Beach Rules," but contends that the signs did not purport to prohibit swimming in the area nor did they purport to warn of water depths or drop-offs.

The affidavit of William C. Held, Jr., now Harbormaster, then Assistant Harbormaster, shows that the area in question had never been designated nor maintained by the City of Clearwater as a swimming area. Nor was the area so considered by his department which was known as the Marine Department.

Section 116.70 of the Clearwater City Code of Ordinances also expressly provides, in part:

"Section 116.70 Bathing and swimming.

(a) No person, regardless of age, sex or manner of dress shall swim, wade or bathe in waters or waterways in any park other than at such places set aside for such activities.

(b) No person shall carry, transport, or cause to be transported any glassware, bottles or any other potentially dangerous or sharp objects on any beach, or into any bathing, wading or swimming pool areas.

(c) No person shall frequent any park waters or bathing beach for the purpose of swimming or bathing except between such hours of the day as shall be designated and posted by the department for such purposes for each individual area.

(d) No pets shall be allowed in or on bathing areas.

Cross reference—Similar provisions, Sec. 116.77(c). . . ."

The signage posted on the sand area involved here did not set any

30

hours that swimming was permitted and in stating prohibited activity, warned that no lifeguards were on duty there.

The case at bar is distinguishable from *Avallone v Bd. of County Commission of Citrus County,* 5 DCA Nov. 13, 1986 (On Remand) at 497 So.2d 934, for there the decision to maintain a swimming facility at Blue Springs had already been made by the County Commission. Thus, under *Avallone #2* (in The Supreme Court) 493 So.2d 1002, 1005, the event to which sovereign immunity is recognized, i.e. "whether to operate or not operate" had been decided.

Both of the *Avallone* cases are consistent with the recognition that "waiver is an exercise of the planning phase" of governmental immunity. Once the decision is made to operate a swimming facility, then the common law duty to operate the facility safely attaches just as it would obligate a private person, but not until that condition has been established.

The Court believes that it is a matter of law to be determined by the Court whether sovereign immunity has or has not been waived in a case of this nature by requiring affirmative pleading and proof of such waiver. Such holding is entirely consistent with *Warren v Palm Beach County,* 528 So.2d 413, in which the Fourth DCA held, after discussion of *Avallone* and *Butler* that these cases do not apply where the County did not create a designated swimming area. The Court there further stated at page 415:

> "It matters not that there was some evidence that in spite of the ordinance, the law was commonly used for boating and water-skiing, and that there were no signs posted which specifically prohibited swimming and diving. Since the County did not designate Lake Osborne as a swimming area and did not in any manner contribute to the condition of the water or lake bottom alleged to have presented an illusion of depth it cannot be held liable to appellant."

Sovereign immunity is the rule rather than the exception; therefore, waiver of such immunity should be strictly construed in favor of the state and against the claimant, *Windham v Florida Dept. of Transportation,* 476 So.2d 735.

It is undisputed here that some danger was obviously present from the size of the body of water and configuration of the land itself which independent of any other reason would make a waiver of sovereign immunity a question of law, *Paneque v Metropolitan Dade,* 478 So.2d 414.

At bar, it should be noted that plaintiff, at hearing on summary

**31**

judgment, conceded that it was withdrawing its contention that the City of Clearwater had caused the alleged deep holes by dredging and would amend the complaint to assert a duty to warn.

In *Butler v Sarasota County,* 501 So 2d 579, The Supreme Court in reviewing the opinion of the Second District as reported in *Sarasota County v Butler,* 476 So.2d 216, affirmed the proposition that decision to designate a swimming area is a discretionary action. The Court at bar believes and finds that those cases are likewise consistent with the decision announced herein. Thereupon, it is

ORDERED AND ADJUDGED that the Motion for Summary Judgment of the City of Clearwater be and the same is hereby granted; the Complaint in the within cause is hereby dismissed with prejudice and plaintiff shall take nothing by her Complaint; and the defendant City of Clearwater shall go hence without day.

Jurisdiction is reserved to enter such orders and decrees as may be proper with respect to costs of this action.

DONE AND ORDERED in Chambers at Clearwater, Pinellas County, Florida, this 10th day of February, 1989.

*Editor's Note:* A notice of appeal was filed on March 8, 1989.