DAUKSCH, Judge.
This is before the court upon a petition for writ of certiorari. Petitioner was charged in county court with a misdemean- or violation of Florida Statute 403.413(4)(a) (1987), The Florida Litter Law. The county judge declared the statute unconstitutional for vagueness and dismissed the charges. The state appealed to the circuit court which reversed the dismissal. Petitioner now seeks our writ of certiorari to review the circuit court decision, declare the statute unconstitutional and order the charges dismissed. We decline to grant the writ because to do so would expand too greatly the review to be afforded in criminal cases. As we said in Baker v. State, 518 So.2d 457 (Fla. 5th DCA 1988), there is no real need for a second-level appellate intrusion into a criminal case unless a conviction results. Otherwise, the number of interlocutory appeals will increase and no real appellate need will be served. See Martin-Johnson v. Savage, 509 So.2d 1097 (Fla.1987).
If a person is donvieted of a violation of a statute which he feels is unconstitutional he has an open door to challenge the statute through the entire appellate process. If he properly preserves the issue and he is correct then an appellate court will afford complete relief. On the other hand, if he takes an appeal before he is convicted, and the various levels of appellate review accommodate his petitions then the case could travel around through various courts for a protracted, probably inordinate, period of time. Justice will be delayed, maybe denied, and our judicial system will be unreasonably disrupted.
We are aware our sister courts disagree with our position, so we express direct conflict with Fieselman v. State, 537 So.2d 603 (Fla. 3d DCA 1988) and Mitchell v. State, 538 So.2d 106 (Fla. 4th DCA 1989).
WRIT DENIED.
DANIEL and GOSHORN, JJ., concur.