566 So.2d 768 (1990)
Daniel FIESELMAN, Petitioner,
v.
STATE of Florida, Respondent.
Alvin Williams, Petitioner,
v.
State of Florida, Respondent.
Nos. 73636, 73948.
Supreme Court of Florida.
September 6, 1990.
*769 M. Lewis Hall, III of Hall and Hedrick, Miami, and Nathan G. Dinitz, Daytona Beach, for petitioners.
Robert A. Butterworth, Atty. Gen., and Michael J. Neimand, Asst. Atty. Gen., Miami, for respondent.
PER CURIAM.
We have for review two cases: Fieselman v. State, 537 So.2d 603 (Fla. 3d DCA 1988), based upon conflict with Baker v. State, 518 So.2d 457 (Fla. 5th DCA 1988); and Williams v. State, 540 So.2d 229 (Fla. 5th DCA 1989), based upon conflict with Fieselman and Mitchell v. State, 538 So.2d 106 (Fla. 4th DCA 1989). We have jurisdiction over these consolidated cases. Art. V, § 3(b)(3), Fla. Const. We approve the opinion of the district court below in Fieselman and quash that in Williams.

WILLIAMS
Williams was charged in county court with littering; the court dismissed the charge, ruling the statute unconstitutional. The state appealed to the circuit court, which reversed and remanded for reinstatement of the charges. Williams petitioned for certiorari before the district court, which declined to exercise review. The court based its decision upon its prior ruling in Baker, wherein it said that "an order denying a motion to dismiss or a circuit court opinion reversing an order granting a motion to dismiss, both ... amount to the same thing. An adequate remedy by appeal, if conviction ensues, is available." Baker, 518 So.2d at 458.
We granted review of Williams based upon conflict. Upon review, however, we have determined that this case was improperly before the circuit court. The circuit court lacked jurisdiction to review the county court order finding the *770 anti-litter law unconstitutional.[1] Only the district courts can hear such appeals from county courts. Art. V § 4(b)(1), Fla. Const. Accordingly, we declare the circuit court decision in Williams void; we quash the district court decision and direct that the appeal of the county court order be transferred to the district court.

FIESELMAN
Fieselman was charged in county court with being in actual physical control of a vehicle while under the influence of alcoholic beverages. The county court dismissed the charge, and the state appealed to the circuit court, which reversed and remanded. Fieselman petitioned for writ of certiorari before the district court, which held that the decision was reviewable. The case was certified to us as being in conflict with Baker, wherein the court held that a district court should not review on certiorari a circuit court opinion reversing an order granting a motion to dismiss.
This case presents the following issue: Is the decision of a circuit court reversing a county court's order granting a motion to dismiss reviewable on certiorari before a district court? We conclude that it is.
No certiorari review may ordinarily be had of a trial court order denying a motion to dismiss because the party has available to it an eventual plenary appeal of the final judgment. See Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla. 1987). This must be distinguished, however, from the situation where a county court grants a motion to dismiss and a circuit court, sitting in its appellate capacity, reverses. The decision of a trial court denying dismissal affects only the immediate parties and they can seek eventual redress through plenary appeal of the final judgment. When a circuit court reverses a county court order of dismissal, on the other hand, the circuit court is acting in its appellate capacity and its decision is binding on all county courts within the circuit. The decision thus affects parties outside the original litigation.
We approve that portion of the decision in Fieselman that concerns certiorari review, and disapprove Baker.
It is so ordered.
SHAW, C.J., and McDONALD, EHRLICH, BARKETT, GRIMES and KOGAN, JJ., concur.
OVERTON, J., concurs in result only.
NOTES
[1] Circuit courts lack jurisdiction to hear appeals from county court decisions declaring statutes invalid. See § 26.012(1), Fla. Stat. (1987).