PETERSON, Judge.
“Don’t you have anything better to do than bother someone trying to make a living?” was the question submitted by Alvin Williams to DeLand police officer Margaret Lefavour on June 5, 1987, while she was arresting him for littering in violation of section 403.413(4)(a), Florida Statutes. The act for which Alvin Williams was arrested was one that he testified he had repeated a number of times before while operating a ready-mix concrete truck. Williams testified that, after delivering a load of concrete to a subcontractor who was constructing sidewalks pursuant to a Florida Department of Transportation (DOT) contract, he drove his truck forward several feet on the road right-of-way to clean the truck and to remove any concrete remaining in the chute or the mixing tank that might be propelled onto vehicular traffic on his return to the dispatch site.
A DeLand police officer saw Williams cleaning his truck and directed Officer Le-favour to go there and have him clean up the debris from the right-of-way. Lefav-our arrived on the scene, observed a small pile of noncured concrete on the right-of-way, and demanded that Williams remove it. Williams explained that the subcontractor would clean it up and asked the officer to walk to the end of an adjacent parking lot to verify it. Finally he said, “Ma’am, let me get on the radio and call someone to talk to you. I see that I can’t explain it. All you have to do is walk down to the other end of the parking lot and ask them. They’re responsible for the cleanup. They told me to wash out here.” Lefavour then requested Williams’ driver’s license, explaining that, if he did not clean up the small glob of wet concrete, she would have to arrest him for littering.
Williams would not produce his driver’s license and at that point asked Lefavour the above-quoted question, whether she didn’t have anything better to do. He entered his cab, and upon exiting a few moments later, he was handcuffed. During the cuffing process, Lefavour positioned Williams’ hands behind his back, but, allegedly because of a shoulder injury, Williams resisted this placement of one of his hands. Another officer on a motorcycle happened to be driving by the scene when he saw Lefavour apparently in need of assistance in taking Williams into custody. The motorcycle officer immediately drove to the scene, dismounted, drew his .357-magnum revolver, and assisted in the arrest. Williams was arrested for littering, disorderly conduct, and resisting an officer with violence. However, the information filed by the state charged only littering and resisting arrest without violence by “refusing to obey the lawful commands of Officer Lefavour or struggled [sic] against any legitimate attempts to place defendant in patrol car after being arrested.”
At the hearing on Williams’ motions to dismiss the information, Williams testified that he had no tools that could have been used to pick up the glob of wet concrete, that it was the subcontractor’s duty to pick up the cement debris placed at the job site by the ready-mix truck drivers, and that the DOT would not pay for a job until the cleanup was complete. He also produced evidence that the glob of concrete was picked up by the subcontractor on the very day of Williams’ arrest.
Although Williams has never received an oral reply to his question, his arrest and the extensive judicial proceedings that ensued leave no doubt as to how the question would be answered. After Williams was arrested, he moved for dismissal on the *1121 grounds that the littering statute was unconstitutional. He also moved to dismiss pursuant to rule 3.190(c)(4), Florida Rules of Criminal Procedure, alleging that no material fact was in dispute and that the undisputed facts did not establish a prima facie case of guilt. The county court granted the motion to dismiss on the ground that the statute was unconstitutional and did not rule on the merits of the (c)(4) motion.
The state then appealed the county court’s decision to the circuit court where it was reversed and remanded to the county court. The circuit court found that the “facts of this case brought under this statute are subject to attack under Rule 3.190, Fla. Rules of Crim. Procedure” and commented that:
Traditionally, courts have by jurisprudence [sic] custom and precedent been enjoined to avoid ruling on constitutional questions whenever a case can be decided on other grounds. Trial courts have been constrained and encouraged to follow the judicial principle that constitutional questions concerning [sic] be addressed only where it is essential to the determination of a case and that the case cannot be decided on other grounds.
Williams then petitioned this court for a writ of certiorari, but it was denied on procedural grounds. Williams v. State, 540 So.2d 229 (Fla. 5th DCA 1989). In Fieselman v. State, 566 So.2d 768 (Fla.1990), the supreme court declared the circuit court’s decision void because only district courts may consider appeals from a county court where statutes are declared to be invalid. The supreme court further ordered that the appeal from the county court be transferred to this court.
We now vacate the county court’s order declaring the littering statute unconstitutional, decline to consider the constitutionality issue, and remand for consideration of the (c)(4) motion. In essence, the case is back to the posture that existed at the time of the decision by the circuit court during the initial appeal. We agree with the circuit court that the (c)(4) motion should first be considered to determine whether this case can be disposed of without testing the constitutionality of the littering statute. The Florida Supreme Court has noted that courts should avoid holding a statute unconstitutional if a fair construction of the legislation will allow. State v. Ecker, 311 So.2d 104, 109 (Fla.1975), cert. denied, Bell v. Florida, 423 U.S. 1019, 96 S.Ct. 455, 46 L.Ed.2d 391 (1975); see also State v. Williams, 343 So.2d 35 (Fla.1977); North Port Bank v. State Dep’t of Revenue, 313 So.2d 683 (Fla.1975); State v. Aiuppa, 298 So.2d 391 (Fla.1974); Armstrong v. City of Edgewater, 157 So.2d 422 (Fla.1963). We believe that this duty extends to avoid ruling that a statute is unconstitutional if the case can be resolved in another manner. In this case, a ruling on the (c)(4) motion may finally dispose of this case; if not, the next route of appeal perhaps will be less circuitous than the first.
REVERSED and REMANDED.
GOSHORN, C.J., and GRIFFIN, J., concur.