659 So.2d 429 (1995)
DEPARTMENT OF TRANSPORTATION, State of Florida, Petitioner,
v.
Brenda WALLIS and George Wallis, Respondents.
No. 95-492.
District Court of Appeal of Florida, Fifth District.
August 11, 1995.
Robert A. Butterworth, Atty. Gen., and William Peter Martin, Asst. Atty. Gen., Tallahassee, for petitioner.
James Allen Scott, Jr., Palm Coast, for respondents.
PETERSON, Chief Judge.
The Department of Transportation (DOT) seeks certiorari review of the trial court's *430 denial of DOT's motion to dismiss respondent Brenda Wallis' complaint on the basis of sovereign immunity. Wallis, a tourist visiting the Daytona Beach area, was injured when she attempted to cross Atlantic Avenue mid-block, sued DOT, claiming that the lack of a nearby stoplight, coupled with the lack of a sidewalk, in a high-tourist area[1] created a dangerous condition which the DOT had a duty to correct.
DOT is entitled to relief, although not through a petition for writ of certiorari. In Tucker v. Resha, 648 So.2d 1187 (Fla. 1994), the Florida Supreme Court held that an order denying a motion for summary judgment that is based upon a qualified immunity claim is subject to interlocutory review as to issues of law. This petition involves a claim of sovereign immunity made by DOT in its motion to dismiss, and, as such, it falls within the ambit of Tucker and thus should be treated as a reviewable appeal of a non-final order. See also Goetz v. Noble, 652 So.2d 1203 (Fla. 4th DCA 1995). But see Department of Educ. v. Roe, 656 So.2d 507 (Fla. 1st DCA 1995). As noted in Tucker, the entitlement to immunity from suit "is effectively lost if a case is erroneously permitted to go to trial." Tucker at 1189, quoting Mitchell v. Forsyth, 472 U.S. 511, 526, 105 S.Ct. 2806, 2815, 86 L.Ed.2d 411 (1985).
DOT's petition relies upon the well-settled law which states that a governmental entity may be liable when its planning-level decision creates a known, hidden trap. In such circumstances, the entity had a duty to warn the public of  or to protect the public from  the known danger. However, the entity is not liable when the dangerous condition is "readily apparent." In this case, it is clear that, as a matter of law, the danger was readily apparent. Anyone with the ability to see can readily appreciate the danger of automobiles traveling on a road designed just for that purpose.
The leading street-crossing case is Payne v. Broward County, 461 So.2d 63 (Fla. 1984). In Payne, the plaintiff's family sued when, at a point where the sidewalk ended, their daughter tried to cross a road and was killed. A unanimous court found that decisions about roads generally are of the judgmental, planning-level type which would provide sovereign immunity for the DOT. Id. at 65 (citing Department of Transp. v. Neilson, 419 So.2d 1071, 1077 (Fla. 1982)). However, liability may arise from a planning-level decision when that decision creates a hidden trap. In such circumstances, a duty at the operational level arises to warn the public of, or protect the public from, the known danger. Id. (citing City of St. Petersburg v. Collom, 419 So.2d 1082 (Fla. 1982)). Because the danger of crossing a roadway was readily apparent to potential victims and did not constitute a hidden trap for pedestrians, the supreme court upheld the directed verdict in favor of DOT. See also Paneque v. Metropolitan Dade County, 478 So.2d 414, 415 (Fla. 3d DCA 1985) (danger of crossing street readily apparent; thus, county's immunity was matter of law for judge to resolve); Department of Transp. v. Caffiero, 522 So.2d 57 (Fla. 2d DCA) (danger a pedestrian faces in crossing a street is readily apparent; therefore sovereign immunity applies), rev. denied, 531 So.2d 167 (Fla. 1988); Masters v. Wright, 508 So.2d 1299 (Fla. 4th DCA 1987) (summary judgment in favor of DOT proper when pedestrian on bridge with unprotected walkway hit by car and killed).
The results in Payne, et al., are controlling. We reverse and remand with directions to dismiss the complaint against DOT.
REVERSED and REMANDED.
THOMPSON, J., concurs.
W. SHARP, J., dissents with opinion.
W. SHARP, Judge, dissenting.
Although the chances for success of Wallis' cause of action may be slim based on the case law referenced in the majority opinion, that really does not address the procedural point *431 which is crucial to this certiorari proceeding, turned non-final appeal. The trial court below denied the Department's motion to dismiss Wallis' suit filed against it on the ground of sovereign immunity. The Department filed a petition for certiorari review of that denial. I do not think that this court has jurisdiction to review the trial court's denial of the Department's motion to dismiss, either as a certiorari proceeding or as a non-final appeal.
In Fieselman v. State, 566 So.2d 768 (Fla. 1990), the Court declared:
No certiorari review may ordinarily be had of a trial court order denying a motion to dismiss because the party has available to it an eventual plenary appeal of the final judgment.
566 So.2d at 770.
The court relied on Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla. 1987), which held that certiorari was not a proper proceeding for review of a denial of a motion to strike a claim for punitive damages. The court recognized that if certiorari review were permitted, it would be creating a new category of non-final orders reviewable on interlocutory appeal. In none of the cases cited by the majority did the review stem from a certiorari petition to review the denial of a motion to dismiss. Most of those cases deal with appeals from final judgments after trials, summary final judgments based on the pleadings and record before the court, or directed verdicts at trial.
This decision therefore can only be based on the majority's reading of Tucker v. Resha, 648 So.2d 1187 (Fla. 1994). In that case, the Florida Supreme Court answered the following certified question in the affirmative:
IS A PUBLIC OFFICIAL ASSERTING QUALIFIED IMMUNITY AS A DEFENSE TO A FEDERAL CIVIL RIGHTS CLAIM ENTITLED IN THE FLORIDA COURTS TO THE SAME STANDARD OF REVIEW OF DENIAL OF HER MOTION FOR SUMMARY JUDGMENT AS IS AVAILABLE IN THE FEDERAL COURTS?
In Tucker, the defendant sought certiorari review in the district court of appeal of a trial court's denial of a summary judgment motion that was grounded on qualified immunity as to the federal claims for officials of state governments acting in their discretionary capacities. The court ruled that to the extent the order turns on a question of law, a denial of summary judgment in such cases should be reviewable as a non-final appeal. It borrowed this new rule of law from the federal case law and rules, citing Mitchell v. Forsyth, 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985). Thus, Tucker achieved equal treatment of federal causes of action, whether they are determined in the federal courts or in the state courts. However, the court noted that its holding will require a change in the Florida Rules of Appellate Procedure.
I think this case goes beyond Tucker in several respects and until a broader, non-final appeal rule is adopted, this court lacks jurisdiction to review the denial of the motion to dismiss, as in this case. First, this is not a denial of a motion for summary judgment  it is a denial of a motion to dismiss based solely on the pleadings. Second, this lawsuit does not involve a federal cause of action or any federal case law (immunity from such a cause of action). Rather, it is an ordinary, garden variety state cause of action, and involves the application of Florida's sovereign immunity doctrine for state agencies. Finally, it is not clear at this stage in the proceeding (motion to dismiss addressed to the complaint) whether the issue is purely and simply a question of law. Indeed, most of these kinds of cases involve the resolution of factual issues. See Ralph v. City of Daytona Beach, 471 So.2d 1 (Fla. 1983).
In Tyson Johnson v. Houston Jones, ___ U.S. ___, 115 S.Ct. 2151, 132 L.Ed.2d 238 (1995), the United States Supreme Court ruled against permitting a defendant to appeal a district court's denial of a summary judgment motion, which was premised on the defendant's right to invoke a qualified-immunity defense. It described the case as follows:
We now consider the appealability of a portion of a district court's summary judgment order that, though entered in a `qualified immunity cases determines only a question of `evidence sufficiency', i.e., which facts a party may or may not be able to prove at trial. This kind of order, we *432 conclude, is not appealable. That is, the District Court's determination that the summary judgment record in this case raised a genuine issue of fact concerning petitioners' involvement in the alleged beating of respondent was not a `final decision' within the meaning of the relevant statute.
9 Fed.L. Weekly at S130.
If anything, the Court in Tyson restricted its opinion in Mitchell and stepped back from its broad justification for appealability in that case, which was based on "the need to protect officials against the burdens of further pretrial proceedings and trial"  a ground relied upon by the majority in this case. It held in Tyson that only cases posing "neat abstract issues of law" should be allowed to be appealed prior to a final judgment. Appeals should not be allowed if the issue involves controversy about facts, sufficiency of factual evidence, and issues which are inseparable from those that underlie the basic case.
In my view, the majority opinion in this case, allows an appeal in circumstances the federal courts would deny, and thus goes beyond the rationale of Tucker. I agree with the First District Court of Appeal's resolution of this issue in Department of Education v. Roe, 656 So.2d 507 (Fla. 1st DCA 1995). The majority has reached the opposite conclusion. At least, we should certify to the Florida Supreme Court a conflict[1] between Roe and this case.
NOTES
[1] Her theory was that the area was more dangerous than an ordinary street because the street was lined with beach-front hotels on one side and various shops and businesses on the other side. Therefore, there would be many tourists crossing the street and many tourists, driving cars in an unfamiliar area, who would be busy reading various neon signs and who would not be paying full attention to their driving.
[1] Fla.R.App.P. 9.030(2)(A)(vi).