665 So.2d 381 (1996)
STATE of Florida, Department of Transportation, Appellant,
v.
Alyse Cohen PARIS and Mark Paris, Husband and Wife and Michael Cohen Paris, Ethan Louis Paris, Reuben Elan Paris, and Samuel Asher Paris, Minor Children of Alsye Cohen Paris and Mark Paris, and N.S. Marine & Industrial Services Corp., Appellees.
No. 95-1823.
District Court of Appeal of Florida, Fourth District.
January 3, 1996.
Geoffrey B. Marks of Walton Lantaff Schroeder & Carson, Miami, for appellant.
Theresa A. Dipaola of Ricci, Hubbard, Leopold & Frankel, P.A., West Palm Beach, for Appellees-Alyse Cohen Paris, Mark Paris, Michael Cohen Paris, Ethan Louis Paris, Reuben Elan Paris, and Samuel Asher Paris.
*382 KLEIN, Judge.
The Department of Transportation ("DOT") is appealing a non-final order denying its motion dismiss, grounded on sovereign immunity, in a case in which appellees are seeking to recover against DOT as a result of an accident involving an allegedly defective guardrail on the Florida Turnpike.
As its jurisdictional basis for taking this appeal, DOT cites Tucker v. Resha, 648 So.2d 1187 (Fla. 1994), in which our supreme court decided that an order denying a motion for summary judgment, based on a public official's claim of qualified immunity as a defense in a federal civil rights action, should be subject to interlocutory review under Florida Rule of Appellate Procedure 9.130. Although the fifth district recently allowed an appeal from the type of order found in our case, in Department of Transportation v. Wallis, 659 So.2d 429 (Fla. 5th DCA 1995), Judge Sharp dissented, and correctly, we think, distinguished the order in Tucker from the type of order involved in Wallis and this case. Tucker involved a federal cause of action and federal immunity law, while Wallis and this case are ordinary negligence cases against a state agency which may be immune under state law.
Judge Sharp succinctly explained why the majority's conclusion in Wallis does not follow from Tucker, and we adopt her reasoning as our own. As she pointed out, the supreme court recognized in Tucker that its holding would require a change in rule 9.130. Although directing rule changes is within the power of the Florida Supreme Court, it is not within ours, and Wallis would also require a rule change.
The only thing we can add to Judge Sharp's discussion is what our supreme court said, in comparing rule 9.130 to its predecessor:
The thrust of rule 9.130 is to restrict the number of appealable nonfinal orders. The theory underlying the more restrictive rule is that appellate review of nonfinal judgments serves to waste court resources and needlessly delays final judgment.
Travelers Ins. Co. v. Bruns, 443 So.2d 959, 961 (Fla. 1984).
We sua sponte dismiss the appeal, but certify conflict with Wallis. We also note that the supreme court has granted review in a decision consistent with Judge Sharp's dissent, Department of Education v. Roe, 656 So.2d 507 (Fla. 1st DCA May 12, 1995), rev. granted, 663 So.2d 629 (Fla. 1995).
GUNTHER, C.J., and PARIENTE, J., concur.