GRIMES, Judge.
The wife appeals from a nonfinal order granting a motion for relief filed pursuant to Florida Rule of Civil Procedure 1.540(b)(3).
The marriage of the parties was dissolved in 1978. The court awarded custody of their child to the wife and directed the husband to pay child support. In September of 1981, the wife filed a petition to increase the child support and furnished a financial affidavit in support of her petition. The wife was deposed on October 7, 1981. A hearing on the petition was held on December 10, 1981. Judge Swanson entered an order on December 16, 1981, which modified the judgment by granting an increase in child support.
The husband later learned that on the date the order of modification was entered, the wife applied for a license to marry another man, and she remarried on January 1, 1982. Thereupon, the husband moved to set aside the modification order. He claimed that the wife had fraudulently misrepresented her anticipated expenses on the financial affidavit by not disclosing the reduction which would come about as a result of her impending marriage. Following a hearing, Judge Sanderlin ordered that the husband was entitled to a rehearing on the wife’s petition for modification. We reverse.
*1204 The predicate for relief was fraud. Yet, even the trial judge declined to characterize the wife’s actions as fraudulent. He based his ruling upon the conviction that the forthcoming marriage was a factor which should have been considered at the hearing. See Birge v. Simpson, 280 So.2d 482 (Fla. 3d DCA 1973). Be that as it may, this was not a basis upon which relief from a final judgment could be granted under Florida Rule of Civil Procedure 1.540.
Clearly, the wife’s conduct was not fraudulent. The financial affidavit necessarily reflected her income and expenses as of the date she signed it. Even though the wife had stated on deposition that she had been seeing the man she ultimately married, she was never asked any questions at the final hearing concerning her intentions with respect to remarriage. Moreover, a court should base its determination of child support on existing facts rather than circumstances which might come about in the future.
Accordingly, we reverse the order granting the husband’s motion for relief from the final judgment. Our ruling does not preclude the husband from filing a petition for modification bottomed on changed circumstances occurring after December 16, 1981.
OTT, C.J., and BOARDMAN, J., concur.