550 So.2d 68 (1989)
Diane BECKLER, et al., Appellants,
v.
Ray HOFFMAN, et al., Appellees.
No. 88-2309.
District Court of Appeal of Florida, Fifth District.
September 7, 1989.
Rehearing Denied October 18, 1989.
*70 Mark A. Massey of Daniel J. Hightower, P.A., Ocala, for appellants.
Leslie King O'Neal of Markel, McDonough & O'Neal, P.A., Orlando, for appellees.
COWART, Judge.
From the convenience store of Cumberland Farms Food Stores, Inc. where she was employed, appellant-plaintiff was kidnapped and raped by a criminal assailant. Thereafter, she filed this action against the defendants-appellees, describing them as "supervisory co-employees" with a duty to provide plaintiff with a safe work place, and attempting to allege a cause of action for gross negligence in accordance with Streeter v. Sullivan, 509 So.2d 268 (Fla. 1987) and Gerentine v. Coastal Security Systems, 529 So.2d 1191 (Fla. 5th DCA 1988) construing the exception from workers' compensation immunity contained in section 440.11(1), Florida Statutes. Attempting to show the defendants' constructive knowledge that the convenience store in question was an unsafe workplace, the complaint in paragraph 5 alleged that for several months before the plaintiff's abduction and rape, "said convenience store and the surrounding vicinity were the scene of violent and dangerous criminal activities." The trial court granted a motion to dismiss a second amended complaint and the plaintiff appeals.
We find these allegations to be too general and vague and conclusory and therefore, insufficient. Under Florida Rule of Civil Procedure 1.110(b)(2), a pleader must allege "a short and plain statement of the ultimate facts showing that the pleader is entitled to relief." Allegations can be made on three levels: (1) a description of the evidence itself, (2) a statement of ultimate facts, or (3) a conclusion of fact or law. Under the above rule, ultimate facts should be alleged.[1] It is not necessary to allege evidentiary facts (i.e., the exact events described by reference to exact dates, places, persons, involved) but conclusions as here alleged are insufficient.
We hold that the words "vicinity" and the phrase "violent and criminal activities" are conclusions. In the context in question, to establish a duty on her fellow employees, the pleader must allege and prove (1) that the particular fellow employees she is suing not only "exercised supervision over the plaintiff at her place of employment" but had an employment duty and authority to provide the plaintiff a safe work place and to protect the plaintiff from her criminal assailant, (2) that such fellow employees had an opportunity and could reasonably have protected the plaintiff from the harm she received but failed to exercise even slight care to do so and, conversely, grossly neglected to do so, (3) that her fellow employees' gross negligent failure to protect the plaintiff proximately caused her injuries, (4) that a sufficient number of criminal acts similar to those of which the plaintiff was a victim had occurred in a geographical area sufficiently close to the convenience store in question within such a recent time as would cause a reasonable person with that knowledge to infer that it was likely that the plaintiff would be a victim of the type of criminal acts that caused her harm, and (5) that the defendant fellow employees either (a) actually knew of such prior crimes, or (b) that, as part of their duties as fellow employees, *71 they should have known of the prior crimes, the actual or constructive knowledge of which is being used to charge them with the inferred knowledge of plaintiff's potential danger.[2] These matters must be alleged with sufficient particularity so that the trial judge in reviewing the ultimate facts alleged may rule as a matter of law whether or not the facts alleged are sufficient as the factual basis for the inferences the pleader seeks to draw and are sufficient to state a cause of action.
At oral argument on this appeal, the court queried appellate counsel as to what evidence the plaintiff was prepared to offer in proof that this very convenience store had been the scene of "violent and dangerous criminal activities." The reply was vandalism and shoplifting. This activity, while unlawful, can be held as a matter of law to not be the type of criminal activity as would put a reasonable convenience store manager on notice that it was likely that the plaintiff would be kidnapped and raped. Even aggravated criminal batteries occurring between patrons of an adjoining bar, while they could be described as being "violent and criminal activities", would not be sufficient as the inferential basis for a duty to protect an employee of an adjoining convenience store from the possibility of being kidnapped and raped. There is a general possibility that everyone might be the victim of any crime as to which it is physically and legally possible for them to be a victim. Every employee does not have a legal duty to take all possible action to prevent every fellow employee from ever being criminally assaulted by any criminal assailant.
Further we hold that the allegations in the complaint are completely insufficient to allege such wanton or reckless conduct as would evince reckless disregard of human life or of the safety or welfare of others as is necessary to sustain an award of punitive damages.[3] While we affirm the dismissal of the cause of action for gross negligence because of the insufficient allegations discussed above, in this particular case we remand with directions to give the plaintiff-appellant one further opportunity[4] to reallege paragraphs 3, 4 and 5 of the Second Amended Complaint to allege, if she can, "ultimate facts" as herein indicated necessary to state a cause of action against fellow employees for gross negligence in failing to meet a legal duty to provide a fellow employee with a safe work place and for compensatory, but not punitive, damages.
AFFIRMED BUT REMANDED.
ORFINGER, M., Retired, concurs.
SHARP, J., concurs in part, dissents in part, with opinion.
SHARP, Judge, concurring in part; dissenting in part.
I concur with the majority opinion that the trial court correctly dismissed with prejudice Beckler's claim for punitive damages. The allegations in the second amended complaint do not rise to the level of wanton and reckless indifference required by White Construction Co., Inc. v. Dupont, 455 So.2d 1026 (Fla. 1984). However, I would reverse the dismissal of Beckler's claim based on gross negligence, pursuant to Streeter v. Sullivan, 509 So.2d 268 (Fla. 1987) and Gerentine v. Coastal Security Systems, 529 So.2d 1191 (Fla. 5th DCA 1988).
The allegations of Beckler's second amended complaint are somewhat general and conclusory, but in my view, they should withstand a motion to dismiss. Pleaders are sometimes chided for being too verbose and pleading raw evidence rather than ultimate facts. See Gerentine. But here, the majority appears to be requiring Beckler to do just that. In any event, it seems to me that the better approach is to dispose of such cases by summary judgment, after depositions and affidavits reveal *72 what the pleader's evidence will consist of at trial.
In Gerentine, a female convenience store clerk was abducted and murdered. The allegations which we held stated a cause of action alleged that her store had been the target of four prior robberies, that it was located in a high crime area, and that the defendants decided not to take security measures or to provide other personnel during the late-night (high risk) hours. In this case, Beckler, also a convenience store clerk, was kidnapped, assaulted and raped late at night during a robbery of the convenience store where she worked alone. She alleged the defendants were grossly negligent in failing to provide her with a safe work place because:
1. At the time of the robbery and for several months prior thereto, the "convenience store and the surrounding vicinity were the scene of violent and dangerous criminal activities";
2. The defendants were or should have been aware Beckler would be at risk, particularly during the late evening and early morning hours when she worked alone;
3. The defendants had taken no security precautions to prevent or reduce the risk of physical harm to Beckler; and
4. The defendants increased the risk of danger to Beckler by obstructing a view of the store's interior by signs, providing insufficient exterior lights, obstructing a view of the checkout counter by the store layout, and by removing the telephone from the checkout counter where Beckler worked.
Whether or not these omissions on the part of the defendants constitute gross negligence turns on what circumstances were known or should have been known to them, and whether they rise to the level of putting Beckler in clear and present danger. More facts indeed will have to be adduced to prove a case here, but I would allow this cause to proceed to the summary judgment stage.
NOTES
[1] To allege that A murdered B is to allege a conclusion; to allege that A killed B deliberately and intentionally without legal justification or excuse, is to allege ultimate facts; to allege that at a certain time and place A hated B and lay in wait for B and aimed and fired a pistol at B and that the bullet fired from A's pistol struck B and caused B to die, is to allege evidence.
[2] See e.g., Singer v. 3675 Bird Road, Inc., 543 So.2d 1320 (Fla. 3d DCA 1989).
[3] See, e.g., Gerentine, and White Construction Co., Inc. v. Dupont, 455 So.2d 1026 (Fla. 1984).
[4] See, e.g., Motors Insurance Corp. v. Heavy Lift Services, Inc., 545 So.2d 389 (Fla. 3d DCA 1989).