652 So.2d 1214 (1995)
Charles A. MYERS, Appellant,
v.
Cardy Mae MYERS, Appellee.
No. 94-1105.
District Court of Appeal of Florida, Fifth District.
March 31, 1995.
*1215 Laurie L. Gordon, Orlando, for appellant.
Julie F. Weinberger, Kissimmee, for appellee.
HARRIS, Chief Justice.
The issue on appeal is whether the trial court erred in awarding damages for fraud in this dissolution action in which the respondent defaulted.
This marriage survived seven months before Cardy Mae Myers filed a petition for dissolution. Paragraph 8 of her petition alleges:
8. During the marriage, the Respondent defrauded the Petitioner out of approximately Twelve Thousand Seven Hundred Twenty-seven Dollars and Fifty Cents ($12,727.50) in cash and items she purchased for him. After she did this, the Respondent abandoned her immediately thereafter.
The Respondent has possession of the Petitioner's 1993 Ford Ranger which is titled in her name. The title to this vehicle is being held by a loan to Northwoods Bank of Minnesota due to a loan the Respondent fraudulently secured by representing to the bank that the title to the 1993 Ford Ranger was in both of the parties' names.
The Petitioner seeks reimbursement of the monies and items the Respondent defrauded her out of, both temporary and permanent (R. 1-2).
After the Husband failed to respond, the Wife moved for default. A default was entered and thereafter the trial court, without further notice, held a hearing on the petition for dissolution during which the Wife introduced evidence of her claimed damages. At the conclusion of the hearing, the trial court entered a final judgment of dissolution of marriage in which it awarded the Wife $12,727.50, stating that the Wife shall recover this amount from the Husband, "for which let execution issue."
The Husband filed a motion to vacate the damages award, contending that the trial court had no jurisdiction to enter a money judgment against him. Both parties filed memoranda of law in support of their positions. The Husband argued that the Wife's petition failed to state a cause of action in fraud and therefore his default was not an admission of that claim. The Wife maintained that the allegations in her petition were sufficient, based on the Husband's default, to support the damages award for fraud. The trial court agreed with the Wife and denied the Husband's motion. We disagree and reverse.
Florida Rule of Civil Procedure 1.120 requires that a cause of action for fraud be pled with particularity. The complaint must allege: (a) that there was a misrepresentation of a material fact; (b) that the defendant knew the falsity of the representation; (c) that the defendant made the representation intending that the plaintiff would rely on it in doing an act desired by the defendant; and (e) that the plaintiff's reliance caused damage. Joiner v. McCullers, 158 Fla. 562, 28 So.2d 823 (1947). Allegations contained in a pleading are insufficient if they are too general, vague or conclusory. Beckler v. Hoffman, 550 So.2d 68, 70 (Fla. 5th DCA 1989). Where the elements of a *1216 cause of action are not pled, they may not be inferred from the context of the allegations. Magner v. Merrill Lynch Realty/MCK, Inc., 585 So.2d 1040, 1043 (Fla. 4th DCA 1991), rev. denied, 598 So.2d 77 (Fla. 1992).
The requirement that fraud be pled with particularity is especially applicable to cases where the plaintiff obtains a default judgment. This is because parties seeking affirmative relief will not be granted relief through a default judgment where that relief is not supported by the pleadings. Board of Regents v. Stinson-Head, Inc., 504 So.2d 1374 (Fla. 4th DCA 1987). In his book on practice and procedure, Trawick elaborated on the effect of a default judgment:
A default admits liability as claimed in the pleading by the party seeking affirmative relief against the party in default. It operates as an admission of the truth of the well pleaded allegations of the pleading, except those concerning damages. It does not admit facts not pleaded, not properly pleaded or conclusions of law. Fair inferences will be made from the pleadings, but forced inferences will not. The party seeking affirmative relief may not be granted relief that is not supported by the pleadings or by substantive law applicable to the pleadings. A party in default may rely on these limitations.

H. Trawick, Trawick's Florida Practice and Procedure § 25-4 (1994 ed.) (emphasis added).
In the instant case, paragraph 8 of the Wife's petition for dissolution does not satisfy the above requirements for pleading a fraud action. She alleges in a conclusory fashion that the Husband defrauded her out of $12,727.50 in cash and items she purchased for him, after which he "abandoned her immediately." She goes on to state that the Husband fraudulently secured a loan against the Wife's 1993 Ford Ranger by misrepresenting to the bank that title to the car was in both the parties' names.
Based on the authorities cited, these vague and conclusory allegations are not sufficient to state a cause of action for fraud, and therefore the Wife was not entitled to affirmative relief upon the entry of a default against the Husband. Beckler and Trawick, supra. The Wife does not allege that the Husband misrepresented material facts, that he knew of the falsity of his statements, or that he intended the Wife to rely on the statements in doing some act he desired. The Wife's allegations regarding the loan secured from the bank are a bit more specific but the connection of these facts to the $12,727.50 damage amount is totally unclear. Further, the fraud she alleges appears to have been perpetrated upon the bank rather than the Wife.
Given the deficiency of the Wife's pleading, the Husband is correct that the damages judgment should be reversed. However, the mere fact that the Husband did not raise this deficiency until after he had defaulted should not deprive the Wife of an opportunity to attempt to amend her complaint so that it does satisfy the pleading requirements for fraud. Therefore, upon remand, the court should permit the Wife to amend her complaint if she so desires.
REVERSED and REMANDED for further action consistent with this opinion.
GRIFFIN and THOMPSON, JJ., concur.