PER CURIAM.
The trial court entered an order modifying a previously entered final judgment dissolving a marriage. In the modification order it increased child support, made the alimony award permanent and granted other relief to the former wife. Thereafter, the former husband filed a motion for rehearing. He then filed a motion to vacate pursuant to Florida Rule of Civil Procedure 1.540(b) alleging fraud on the court.[1] This was met by a motion to strike alleging that the motion to vacate contained insufficient allegations to establish a fraud on the court. The trial court denied the motion to strike, took evidence and vacated the order of modification.[2] We find that the trial court erred in entertaining the motion to vacate as insufficient grounds were alleged to establish fraud on the court under the reasoning in Myers v. Myers, 652 So.2d 1214 (Fla. 5th DCA 1995); Flemenbaum v. Flemenbaum, 636 So.2d 579 (Fla. 4th DCA 1994); Poquette v. Poquette, 425 So.2d 1203 (Fla. 2d DCA 1983). We therefore reverse the order granting the motion to vacate with directions to reinstate the original order of modification dated April 11, 1994, without prejudice to either party filing any additional motions to modify this order of modification because of a subsequent change in circumstances.
Reversed with directions.

. Most of the facts relied on occurred subsequent to the date of the order of modification.

. The appellee, during oral argument, conceded error in the vacation of the award of increased child support.