PER CURIAM.
James Law (Law) appeals the trial court’s final order dismissing with prejudice his fourteen-count complaint against the City of Ormond Beach (City). The trial court determined that dismissal was required because all counts were barred by the four-year statute of limitations. § 95.11(3), Fla. Stat. (1995). We affirm in part, reverse in part, and remand for further proceedings.
*721 All counts of Law’s complaint, except counts VI and XIII, were properly dismissed based upon the application of the four-year statute of limitations. Counts VI and XIII should not have been dismissed because they contain allegations pertaining to actions on the part of the City occurring in 1992. As a result, these counts are not barred by the four-year statute of limitations. Accordingly, we must reverse the trial court’s dismissal order as it pertains to counts VI and XIII. In closing, we note that our review of counts VI and XIII indicates that the allegations set forth therein fail to state a cognizable cause of action. Thus, on remand, the trial court should grant Law the opportunity to amend his complaint to state a cognizable cause of action. See Myers v. Myers, 652 So.2d 1214, 1216 (Fla. 5th DCA 1995).
AFFIRMED in part; REVERSED in part; REMANDED.
HARRIS, PETERSON and ANTOON, JJ., concur.