SHEVIN, Judge.
Sandy Quittner appeals an order setting aside the child custody and lump sum alimony provisions in a marital settlement agreement and incorporated in the final judgment. See Fla. R. Civ. P. 1.540(b)(3); Fla. Fam. L.R.P. 12.540. We reverse.
The trial court erred in setting aside the settlement agreement as the record does not contain evidence to establish proof of the elements of materiality or reliance necessary to establish fraud. See generally Myers v. Myers, 652 So.2d 1214, 1215 (Fla. 5th DCA 1995). Contrary to Mr. Quittner’s contention, although Mrs. Quittner’s boyfriend’s worrisome history may cause him concern, the boyfriend’s name, in and of itself, is not material to the child custody or alimony provision. Mr. Quittner had met Mrs. Quitt-ner’s friend during the pendency of the dissolution proceeding, and he was aware of their romantic relationship. As such, the friend’s name is a “de minimis” matter which had no effect on the judgment. See Flemenbaum v. Flemenbaum, 636 So.2d 579, 580 (Fla. 4th DCA 1994). Moreover, a review of the record reveals that the parties addressed this relationship during the dissolution proceeding. Before the parties entered into the settlement agreement, Mr. Quittner had engaged the services, albeit unfruitful, of a private detective to investigate Mrs. Quitt-ner’s friend, and the parties’ settlement agreement refers to the possibility of Mrs. Quittner’s marriage to him. Likewise, Mr. Quittner could not establish that he relied on Mrs. Quittner’s representations because he mistrusted her enough to investigate her boyfriend. Also, Mr. Quittner could have conducted discovery to obtain more information regarding his concerns before entering into the settlement agreement. See Poquette v. Poquette, 425 So.2d 1203 (Fla. 2d DCA 1983).
Accordingly, we hold that the record does not establish sufficient grounds to justify relief from the agreement. See Martinez v. Martinez, 662 So.2d 1319 (Fla. 3d DCA 1995). As the Flemenbaum court observed, “[i]n many cases, the term ‘fraud’ is loosely used to label all conduct which has displeased an opposing party.” Flemenbaum, 636 So.2d at 580. We, therefore, reverse the order with directions to reinstate the agreement and judgment. This ruling is without prejudice to Mr. Quittner’s filing a motion for modification of custody, if appropriate.
Reversed and remanded.