ANTOON, C.J.
Richard Thompson appeals the final order entered by the trial court dismissing with prejudice his complaint against Investments Management and Research, Inc. (IM&R). We affirm in part, reverse in part, and remand.
Mr. Thompson filed suit against IM & R alleging several claims including breach of contract, breach of trustee’s duties, and breach of fiduciary duties. In setting forth the allegedly dispositive facts the complaint explained that in August 1986, Mr. Thompson’s sister Catherine executed an Adoption Agreement for an Individual Retirement Account (IRA) with Raymond James & Associates (RJ&A). She identified Mr. Thompson as her designated beneficiary on the account. The complaint averred that IM&R “is a wholly owned subsidiary” of RJ&A and that IM&R’s authorized agent handled the account on behalf of Catherine. The complaint alleged that, despite the fact that Mr. Thompson was the named beneficiary on Catherine’s IRA, after Catherine died no efforts were expended by IM&R to contact him or to distribute the IRA to him.
IM & R filed a motion to dismiss the complaint for failure to assert a cognizable cause of action. IM & R maintained that dismissal was warranted because IM & R was not a party to the IRA contract, and that the allegation in the complaint that IM & R was a wholly owned subsidiary of R J & A was not sufficient to state a cause of action against IM & R for breach of the agreements executed by Catherine and RJ & A. The trial court agreed and dismissed the claims against IM & R. This ruling was correct. See Peacock v. General Motors Acceptance Corporation, 432 So.2d 142 (Fla. 1st DCA 1983); see also Walt Disney Co. v. Nelson, 677 So.2d 400 (Fla. 5th DCA 1996).
Next, we must determine whether it was proper for the trial court to dismiss the complaint with prejudice. Our courts have agreed that it is an abuse of discretion to dismiss a complaint with prejudice unless it appears that the privilege to *477 amend has been abused or that the complaint is clearly unamendable. See Gamma Development Corp. v. Steinberg, 621 So.2d 718, 719 (Fla. 4th DCA 1993); Kovach v. McLellan, 564 So.2d 274, 275 (Fla. 5th DCA 1990); see also Fla. R. Civ. P. 1.190. Stated another way, where a party may be able to allege additional facts, or where the ultimate facts alleged may support relief based upon another theory, dismissal of a complaint with prejudice is an abuse of discretion. Hamide v. State Dep’t of Corrections, 548 So.2d 877, 878 (Fla. 1st DCA 1989), rev. denied, 592 So.2d 680 (Fla.1991).
Our review of Mr. Thompson’s complaint reveals that the complaint attempts to set forth a claim of breach of contract based on a theory of agency, as well as a theory of piercing the corporate veil. Accordingly, while we affirm the trial court’s order dismissing Mr. Thompson’s complaint against IM & R, we reverse the ruling that the dismissal is with prejudice, and remand this matter to the trial court with instructions to allow Mr. Thompson to file an amended complaint if he so chooses. See Law v. City of Ormond Beach, 705 So.2d 720 (Fla. 5th DCA 1998).
AFFIRMED in part; REVERSED in part; REMANDED.
HARRIS and PETERSON, JJ., concur.