ON REHEARING GRANTED
SHEPHERD, J.
Redland Estates, Inc., appeals the dismissal of an amended complaint against Sandra Lynn with prejudice. Although it is extraordinarily rare that a complaint is dismissed with prejudice on the first pleading, See Florida Nat’l Org. for Women v. State, 832 So.2d 911, 915 (Fla. 1st DCA 2002), we find that the counts against Lynn were properly dismissed here because there is no version of the facts which will support a claim against her.
This case arises out of a failed real estate transaction in which Redland Village Country Club, Inc., the predecessor to the appellant, Redland Estates, Inc. (Red-land), entered into an agreement to purchase approximately 100 acres of undeveloped property in Miami-Dade County from Francis J. Dirico for an original purchase price of $3.8 million dollars. Both parties were represented by counsel. Dir-ico was represented by Sandra Lynn. Lynn also served as escrow agent for monetary deposits made by Redland in connection with the transaction.
Two disbursements of deposited funds from Lynn’s escrow account form the basis for the claims against Lynn: (1) a $238,000 disbursement made in connection with a first agreed extension of time to close; and (2) a $250,000 disbursement made in connection with a second extension. Both disbursements were made by Lynn after she received written addenda that extended the closing dates, adjusted the deposits and authorized the release of these sums.* Redland alleges that Dirico anticipatorily breached the sales contract by announcing that it would not credit these sums to the purchase price at closing. Dirico contends that the agreement unambiguously reads to the contrary and that Redland breached by failing to close as agreed. Lynn finds herself caught in the melee amidst allegations that by disbursing the funds, she is guilty of conversion, breach of fiduciary duty, statutory theft, and deceptive and unfair trade practices.
Fortunately for us, we are not called upon and do not express any opinion on the underlying dispute between the seller and buyer that is the subject of separate counts of the ongoing litigation below. Rather, we affirm the dismissal of the counts against Lynn with prejudice on the narrow ground that, as it pertains to the disbursements in this case, it is clear on the face of the complaint that both parties expressly agreed to their release prior to the time each disbursement was made. See MidFlorida Sch. Fed’l Credit Union v. Fansler, 404 So.2d 1178, 1180 (Fla. 2d DCA 1981)(grant of motion to dismiss proper if “the allegations in the pleading attacked show with certainty that the *1220 plaintiff would not be entitled to relief under any state of facts which could be proved in support of the claim”).
Affirmed.

 The authorization for the first disbursement reads:
The original deposit of $200,000.00 plus the additional deposit of $38,000 shall be release [sic] and paid to the Seller as consideration for this extension.
The authorization for the second disbursement reads:
The Non-refundable Deposit held by Turner & Lynn, PA as escrow agent, in the amount of $250,000.00 shall be released to the Seller immediately, as payment for the extension of this contract.