973 So.2d 1240 (2008)
Alberto FERNANDEZ and Susana Fernandez, Appellants,
v.
BARRY UNIVERSITY, INC., Sister Jeanne O'Laughlin, and J. Patrick Lee, Appellees.
No. 3D06-2595.
District Court of Appeal of Florida, Third District.
January 30, 2008.
Alberto Fernandez, in proper person; and Susana Fernandez, in proper person.
Jorden Burt, LLP, and Julianna Thomas McCabe, and Irma Reboso Solares and Richard J. Ovelmen, Miami; Coffey Burlington and Jeffrey B. Crockett, for appellees.
Before COPE and LAGOA, JJ., and SCHWARTZ, Senior Judge.
*1241 COPE, J.
Alberto Fernandez and Susana Fernandez appeal an order dismissing their first amended complaint with prejudice. We reverse to allow the plaintiffs to amend their complaint.
Mr. Fernandez was terminated from his position as Assistant Dean of Information Technology at Barry University. Mr. Fernandez, through counsel, filed a complaint against defendants asserting claims for tort, contract and quasi-contract damages. The complaint consisted of seventeen pages with narrative-style facts, and thirty-seven pages of exhibits. Defendants filed a motion to dismiss the complaint for failure to state a cause of action and to strike the complaint for failure to comply with the Florida Rules of Civil Procedure. At the hearing on defendants' motion to dismiss, the trial court addressed Mr. Fernandez's attorney as to the rule requirements for the complaint allegations. The court entered an order dismissing the complaint without prejudice because the complaint did not contain a short and plain statement of the ultimate facts and many of the factual allegations were irrelevant.
Mr. Fernandez's counsel subsequently withdrew and Mr. Fernandez and Ms. Fernandez, his sister, who also had been employed at Barry University, filed a notice of self-representation. The trial court held a case management conference and entered an order striking Ms. Fernandez from the notice's case style and giving Mr. Fernandez ten days to file an amended complaint.
The plaintiffs filed their pro se first amended complaint which added Ms. Fernandez as a plaintiff, and consisted of thirty-two pages containing sixteen counts, and more than 185 exhibit pages. In addition to the original counts, Mr. Fernandez asserted several new counts and Ms. Fernandez asserted claims for constructive discharge, and intentional infliction of emotional distress based upon defendants' actions against her after Mr. Fernandez was terminated. Defendants filed another motion to dismiss and to strike portions of the amended complaint. Following a hearing on the motions, the trial court dismissed the amended complaint with prejudice finding that the amended complaint was subject to dismissal because it contains the same narrative style and includes many of the same irrelevant factual allegations. In addition, the court found that Mr. Fernandez impermissibly added Ms. Fernandez as a plaintiff and that he did not, cannot, and does not intend to comply with the court's instructions. The court denied the plaintiffs' motion for rehearing, and the plaintiffs have appealed.
We reverse the dismissal with prejudice as to Mr. Fernandez. The amended complaint was the first time the complaint had been amended and, more importantly, was Mr. Fernandez's first attempt to amend his complaint as a pro se litigant. Barrett v. City of Margate, 743 So.2d 1160, 1162 (Fla. 4th DCA 1999) ("In the history of jurisprudence, pro se litigants have frequently been granted leniency in technical matters. Dismissing an action with prejudice due to defective pleading is not proper unless the plaintiff has been given an opportunity to amend.") (citations omitted). In its dismissal, order the trial court cited Beckler v. Hoffman, 550 So.2d 68, 71 (Fla. 5th DCA 1989), but in that case the appellate court granted a pro se litigant another opportunity to amend after the dismissal of a second amended complaint.
While it appears that the amended complaint, like the original complaint, may have contained lengthy narrative allegations, and voluminous and extraneous exhibits, dismissal is the ultimate sanction in the adversarial, system and should be reserved for those aggravating circumstances in which a lesser sanction would *1242 fail to achieve a just result. Kozel v. Ostendorf, 629 So.2d 817, 818 (FIa.1993). No abuse of the amendment process was shown, or could be shown here, where this was the first amendment to the complaint. It appears that the amended complaint contains viable claims that could be made to state a cause of action, including counts I, II, and XIV, related to unpaid compensation. Therefore, Mr. Fernandez should be permitted to amend the complaint to allege ultimate facts necessary to properly state a cause of action against defendants.
We also reverse the trial court's order of dismissal with prejudice as to Ms. Fernandez. Under the Florida Rules of Civil Procedure, Mr. Fernandez was allowed to add Ms. Fernandez as a plaintiff. "If amendment by leave of court or stipulation of the parties is permitted, parties may be added without further order of court." Fla. R. Civ. P. 1.250(c). While the trial had stricken Ms. Fernandez from the case caption at the time of the case management conference, that order was proper because Ms. Fernandez was not a party to the original complaint. The rules did, however, allow her to join as a plaintiff at the time of the filing of the amended complaint. Accordingly, Ms. Fernandez may join as a plaintiff in the second amended complaint or file her own separate lawsuit.
For the stated reasons, we reverse the order now before us and remand for further proceedings consistent herewith.
LAGOA, J., concurs.
SCHWARTZ, Senior Judge (dissenting).
This is an appeal from an order of dismissal which contains the following:
Rather than comply with the Court's First Dismissal Order requiring that the Amended Complaint contain a short, plain, concise statement of the ultimate facts that support each of the Plaintiffs claims, Plaintiff filed an Amended Complaint which contained the same narrative style and many of the same irrelevant factual allegations pled in the original Complaint. The Amended Complaint is properly subject to dismissal on this basis alone. Beckler v. Hoffman, 550 So.2d 68 (Fla. 5th DCA 1989) (affirming dismissal of complaint which failed to plead ultimate facts entitling plaintiff to relief).
The Amended Complaint also attaches 191 pages of exhibits, most of which are unnecessary and improper. The Amended Complaint is so voluminous that the clerk would not even place it in the court file, but had to file it in a separate location.
Furthermore, after the Court ordered Susana Fernandez stricken from the case caption, Plaintiff added her to the caption of the Amended Complaint without leave of court. The Amended Complaint also adds new claims related solely to Susana Fernandez.
The Court finds that Plaintiff has not complied with the Court's instructions, cannot comply with the Court's instructions, and does not intend to comply with the Court's instructions. Accordingly, the Court dismisses this cause with prejudice.
Because (a) even considering the appellants' pro se status, but see Kohn v. City of Miami Beach, 611 So.2d 538 (Fla. 3d DCA 1992), the amended complaint does not come close to stating a viable claim, see Redland Estates, Inc. v. Lynn, 920 So.2d 1218, 1219 (Fla. 3d DCA 2006) ("Although it is extraordinarily rare that a complaint is dismissed with prejudice on the first pleading, . . . we find that the counts against Lynn were properly dismissed here because there is no version of the facts which will support a claim against her."), and (b) the trial court's conclusion that "Plaintiff has not complied with the Court's instructions, cannot comply with *1243 the Court's instructions, and does not intend to comply with the Court's instructions," is well supported by the record, see Kozich v. Kozokoff 945 So.2d 533 (Fla. 4th DCA 2006); Barrett v. City of Margate, 743 So.2d 1160 (Fla. 4th DCA 1999); Kohn, 611 So.2d at 538; Dismuke v. Univ. of S. Fla. Bd. of Trs., No. 8:05-CV-340-17, 2006 WL 166547 (M.D.Fla. Jan. 23, 2006) (unreported), I believe that there was no abuse of discretion in dismissing without leave to amend further. See generally Kozel v. Ostendorf, 629 So.2d 817 (Fla.1993).