# Third District Court of Appeal

## State of Florida

Opinion filed February 20, 2019.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D17-1725 & 3D17-1053
Lower Tribunal No. 15-27539

_____

**Monique Abitbol,**
Appellant,

vs.

**Alberto Benarroch, Turnberry Isle North One Corporation, et al.,**
Appellees.


Appeals from the Circuit Court for Miami-Dade County, Rosa I. Rodriguez, Judge.

Becker & Poliakoff, P.A., and Evan B. Berger, Allen M. Levine, and Daniel L. Wallach (Ft. Lauderdale), for appellant.

Rosenthal, Rosenthal, Rasco, LLC, and Eduardo I. Rasco, and Steve M. Bimston, for appellees.


Before EMAS,[1] C.J., and SALTER and LINDSEY, JJ.

LINDSEY, J.

_____

[1] Chief Judge Emas did not participate in Oral Argument.

Monique Abitbol ("Abitbol") appeals two amended orders granting motions to dismiss with prejudice various counts from her Second Amended Complaint for Equitable Relief and Damages (the "Second Amended Complaint"). For the reasons set forth below, we affirm.

## I.     INTRODUCTION

In Case No. 3D17-1053, Abitbol appeals the trial court's September 27, 2018 Amended Order Granting Motion to Dismiss Counts II, III, VI, VII, VIII, IX, X, XII, XIII, and XV with Prejudice as against Defendants Las Princesas Corp. ("Las Princesas"), Turnberry TS2 Corp. ("TS2"), Turnberry Isle 8D Corp. ("8D"), Alberto Benarroch ("Alberto"), and Esser Melul ("Melul").

In Case No. 3D17-1725, Abitbol appeals the trial court's September 27, 2018 Amended Order Granting Motion to Dismiss with Prejudice Counts VII, VIII, IX, X, XIV, and XV as against Defendants Turnberry Isle North One Corp. ("North One"), Turnberry Isle North Two Corp. ("North Two"), North 7C Corp. ("7C"), Turnberry 8C Corp. ("8C"), Miami Alone Properties Corp. ("Miami Alone"), Isaac Industries, Inc. ("Isaac"), and Molly and David Avan (the "Avans"). By order of this Court, the cases were consolidated for all appellate purposes.

## II.    FACTUAL AND PROCEDURAL HISTORY

Alberto Benarroch and Monique Abitbol were married in 1994. At the time, Abitbol was a Canadian resident living in Canada and Alberto, a resident of both

2

Canada and Venezuela, was living in Venezuela. Shortly after the wedding, however, Abitbol decided to move to Venezuela to be with Alberto. The couple remained in Venezuela for approximately six years until safety concerns led Abitbol to move to the United States. From thereon, Abitbol and the couple's children moved back and forth between Miami, Venezuela, and Ontario while Alberto remained in Venezuela. Their marriage began to deteriorate and the couple separated in 2013. Two years later, Alberto commenced marriage dissolution proceedings in Ontario, Canada, where Abitbol and the couple's children had been residing for the previous six years.

In her Answer in the divorce proceedings, Abitbol sought full custody of the five youngest children, child support, spousal support, exclusive possession of the marital home, and a greater than equal share of the net family properties. Abitbol also requested that a worldwide preservation order be entered against Alberto and his close associates. Based on information and belief, Abitbol alleged that in the years leading up to the divorce, Alberto diverted and concealed his income and assets for the purpose of defeating any entitlement that she might claim.

She alleged that he used the named entities and his close associates to hold his assets in trust. Those parties were Jacob Benarroch ("Jacob"), Louis R. Montello ("Montello"), HPI Administrative Services LLC ("HPI"), Hercules Products Inc. ("Hercules"), TS2, Miami Alone, Plasticos Hercules CA

3

("Plasticos"), Productos Hercules CA ("Productos"), Las Princesas, and Rafael Benarroch ("Rafael"). As proof, she pointed to the fact that the named entities were either in Alberto's, Jacob's, Rafael's, or Montello's name. Jacob, who was 83 years old and retired at the time, is Alberto's father, Rafael is Alberto's brother, and Montello is Alberto's lawyer.

On November 26, 2015, the Ontario Family Court granted Abitbol's *ex parte* motion and issued a Mareva[2] injunction. The Mareva injunction prohibited Alberto, Jacob, Rafael, Montello, HPI, Hercules, TS2, Miami Alone, Plasticos, Productos, and Las Princesas from "transferring, alienating, assigning, mortgaging, encumbering, pledging, disposing of, or otherwise dealing with any property of any kind in any jurisdiction worldwide" in which Abitbol may claim an interest. The order also listed an adjournment date of December 7, 2015.

The following day, Abitbol filed a complaint in Miami-Dade County to enforce the Mareva injunction as it pertains to property interests in Florida. Yet, Abitbol did not seek enforcement alone. She also brought claims for violations of Florida's Uniform Fraudulent Transfer Act ("FUFTA"), conspiracy to commit

_____
[2] Named after the second English case to issue one, a Mareva injunction is a freezing order "designed to prevent a defendant from dissipating or hiding his assets at the outset of a case thus making any judgment subsequently rendered against him either worthless or difficult to enforce." Guinness PLC v. Ward, 955 F.2d 875, 900 (4th Cir. 1992) (citing Mareva Compani Naviera, S.A. v. Int'l Bulk Carriers, S.A., 2 Lloyd's Rep. 509 (Eng. C.A. 1975)). Mareva injunctions are available under both English and Canadian law, among other common law jurisdictions. See SEC v. Cavanagh, 445 F.3d 105, 117 n.27 (2d Cir. 2006).

violations of FUFTA, constructive fraud, unjust enrichment, and injunctive relief. The complaint named six defendants. Of those listed, only Alberto, Jacob, TS2, and Las Princesas were also named in the Mareva injunction. The remaining two defendants, Melul and 8D, had no involvement with the proceedings in Canada prior to being named a party defendant in the Florida action.

On December 7, 2015, the Ontario Family Court reconvened. Pursuant to that hearing, the court filed an endorsement removing TS2 and Miami Alone from the scope of the Mareva injunction. The court removed both corporations having found "no connection" between Alberto and them. The injunction was still preserved with respect to other parties, including Alberto, Jacob, and Las Princesas. Following the endorsement, Abitbol filed an amended complaint. The Amended Complaint was substantively indistinguishable from the original Complaint but added a claim seeking to enforce the Mareva injunction as to Jacob.

On September 16, 2016, Alberto, Las Princesas, TS2, 8D, and Melul filed a Motion to Stay or Abate the case pending final determination of the marriage dissolution proceedings in the Ontario Family Court. Abitbol opposed the proposed stay, arguing that because the Ontario Court has no jurisdiction through its interlocutory injunction over the disputed property in Florida, "a stay order would prevent [her] from reversing the fraudulent transfers." Then, on December 5, 2016, Abitbol filed a Motion to File a Second Amended Complaint, which the

5

trial court subsequently granted the following day. The Second Amended Complaint sought to add seven new parties after Abitbol discovered five additional properties she contends were owned by Alberto despite being titled in the name of other individuals and shell corporations. Based on those contentions, Abitbol asserted claims against North One, North Two, 7C, 8C, Miami Alone, Isaac, and the Avans.[3]

In total, the Second Amended Complaint asserted 15 causes of action against Alberto and 13 other defendants. On its face, all claims alleged in the Second Amended Complaint were based on Abitbol's marital relationship with Alberto. Specifically, Abitbol alleged therein that she has brought this action "for numerous causes of action against Alberto and his nominees for their participation in the intentional dissipation and misappropriation of marital assets in this jurisdiction." She sought to "preserve assets and properties equitably owned by [her] that Defendants are purposefully concealing and depriving her from through systematic fraudulent transfers, evasive titling of assets, and corporate formations intended to shield martial assets from Monique's lawful and equitable claims."[4]

---

[3] Abitbol subsequently recorded a supplement to the original Lis Pendens recorded just one month prior with respect to the five additional parcels of property.

[4] Counts I-VI seek to enforce the Mareva injunction as to Las Princesas, TS2, 8D, Alberto, Jacob, and Melul, respectively. Count VII asserts a cause of action against all defendants for violation of the UFTA. Count VIII asserts a cause of action against all defendants for conspiracy to commit a violation of the UFTA. Count IX asserts a cause of action against all defendants for constructive fraud. Count X asserts a cause of action for unjust enrichment as against Las Princesas,

On the same day that Abitbol filed the Second Amended Complaint, Las Princesas, TS2, 8D, and Melul withdrew the Motion to Stay or Abate. The motion was withdrawn one day shy of the trial court's special set hearing scheduled for December 6, 2016. Soon thereafter, Alberto, Las Princesas, TS2, 8D, and Melul filed a Motion to Dismiss Counts II, III, VI, VII, VIII, IX, X, XII, XIII, and XV of the Seconded Amended Complaint with Prejudice. The Motion to Dismiss sought dismissal only as to the counts unrelated to the Mareva injunction. Specifically, the Motion to Dismiss argued: (1) Abitbol is attempting to expand the scope of the

8D, TS2, North One, North Two, 7C, 8C, and Miami Alone. Count XI asserts a cause of action against Jacob for unjust enrichment. Count XII asserts a cause of action against Alberto for unjust enrichment. Count XIII asserts a cause of action against Melul for unjust enrichment. Count XIV asserts a cause of action against Isaac and the Avans for unjust enrichment. Count XV seeks preliminary and permanent injunctive relief as against all defendants. The causes of action asserted against each defendant are as follows:

| DEFENDANT | SPECIFIC COUNTS |
|---|---|
| Alberto Benarroch | IV, VII, VII, IX, XII, XV |
| Las Princesas | I, VII, VIII, IX, X , XV |
| Turnberry TS2 | III, VII, VIII, IX, X, XV |
| Turnberry Isle 8D | II, VII, VIII, IX, X, XV |
| Jacob Benarroch | V, VII, VIII, IX, XI, XV |
| Esser Melul | VI, VII, VIII, IX, XIII, XV |
| Turnberry Isle North One | VII, VIII, IX, X, XV |
| Turnberry Isle North Two | VII, VIII, IX, X, XV |
| North 7C | VII, VIII, IX, X, XV |
| Turnberry Isle 8C | VII, VIII, IX, X, XV |
| Miami Alone Properties | VII, VIII, IX, X, XV |
| Isaac Industries | VII, VIII, IX, XIV, XV |
| Molly Avan | VII, VIII, IX, XIV, XV |
| David Avan | VII, VIII, IX, XIV, XV |

Mareva injunction by including parties not named therein; (2) Florida law does not recognize civil claims predicated on the intentional dissipation of marital assets; and (3) Abitbol's only option is to seek equitable distribution of the marital estate under section 61.075, Florida Statutes (2018), but that option is not available because Florida law requires all claims regarding the marital estate to be litigated within a single action. Defendants did not seek dismissal of Count I (Las Princesas) or Count IV (Alberto) because Las Princesas and Alberto were named in the Mareva injunction.[5]

The trial court agreed and on April 7, 2017 entered an order granting Alberto, Las Princesas, TS2, 8D, and Melul's Motion to Dismiss with Prejudice. On May 2, 2017, after denying Abitbol's Motion for Rehearing, the trial court entered a Corrected Order granting the Motion to Dismiss.[6] The trial court found there was nothing to enforce as against those parties because "the Ontario Court had not made any rulings concerning such entity or individual that would be entitled to enforcement as a matter of comity." Additionally, the Ontario Court had "expressly rejected" the TS2 property as a marital asset.

---

[5] Appellees allege Jacob was never served with process, which is why they did not seek to dismiss Count V and nothing in the record suggests that he was served. As the Defendants added in the Second Amended Complaint had not been served with process at that time, they did not join in moving to dismiss the complaint.

[6] The Corrected Order issued by the trial court is identical to the original Order entered on April 7, 2017, except for a clarification that the Order was "not final as to all parties."

8

Furthermore, the trial court found that Abitbol's second amended counts were "entirely based upon [her] marital relationship with Alberto." Based upon these findings, the trial court concluded that Abitbol's approach was precluded for two reasons: (1) "the principle of priority prohibits [Abitbol] from pursuing duplicative litigation which merely parallels pending litigation in a foreign jurisdiction involving the same parties and subject matter" and (2) "Florida law precludes general civil claims premised upon a spouse's intentional dissipation of marital assets."

On May 18, 2017, North One, 7C, North Two, 8C, Miami Alone, Isaac Industries, and the Avans filed a substantially similar motion seeking to dismiss with prejudice counts of the Second Amended Complaint, specifically, Counts VII, VIII, IX, X, XIV, and XV. The trial court granted that motion on June 27, 2017, dismissing those defendants from the counts for the same reasons set forth in the Corrected Order of May 2, 2017. Abitbol filed two timely notices of appeal as to both trial court orders. This Court, however, dismissed the consolidated cases, without prejudice, for lack of jurisdiction as both trial court orders were non-final.

Consequently, Abitbol filed a Motion for Rehearing. After granting Abitbol's Motion for Rehearing, this Court relinquished jurisdiction to the trial court to enter a final appealable judgment. On September 27, 2018, the trial court entered two Amended Orders granting the Motion to Dismiss and entered final

9

judgment as it pertains to all Defendants except Alberto and Las Princesas. Abitbol filed both orders in this Court two days later.

## III. JURISDICTION

The trial court's final judgment contains the requisite language of finality and the notice of appeal was timely filed, therefore, this Court has jurisdiction pursuant to Florida Rule of Appellate Procedure 9.030(b)(1)(A).

## IV. STANDARD OF REVIEW

A trial court's decision to order or deny a stay based on the principle of priority is reviewed for an abuse of judicial discretion. See Pilevsky v. Morgans Hotel Grp. Mgmt., LLC, 961 So. 2d 1032 (Fla. 3d DCA 2007). However, an order granting a motion to dismiss presents a pure question of law and is subject to *de novo* review. See Siegle v. Progressive Consumers Ins. Co., 819 So. 2d 732 (Fla. 2002). The factual allegations of the complaint are to be taken as true and considered in the light most favorable to the non-moving party. Id.

## V. ANALYSIS

The sole challenge on appeal is the trial court's alleged failure to stay the Florida proceedings pending the outcome of the Canadian proceedings. Principles of comity, Abitbol argues, required the trial court to stay the subsequently-filed Miami-Dade action as it parallels litigation pending in a foreign jurisdiction involving substantially similar parties and subject matter. She further argues that

10

the trial court's decision not to postpone this case in favor of the Ontario Family Court, which first exercised jurisdiction, was an abuse of discretion. We disagree.

Granting a stay would not change the fact that Abitbol failed to assert viable claims under Florida law. See Levy v. Levy, 862 So. 2d 48, 53 (Fla. 3d DCA 2003) ("[W]here there is no specific transaction or agreement between spouses, the dissolution of marriage statute provides the exclusive remedy where one spouse has intentionally dissipated marital property during the marriage." (citing Beers v. Beers, 724 So. 2d 109, 116 (Fla. 5th DCA 1998) ("In our view, there simply is no cognizable tort claim for constructive fraud for a concealed dissipation of marital assets."))).

On its face, the entirety of Abitbol's Second Amended Complaint is expressly based on her marital relationship with Alberto. Thus, the trial court correctly dismissed, rather than stayed, the subsequently-filed Miami-Dade case because the Ontario Family Court had already exercised jurisdiction over the dissolution proceedings and, as such, the Florida proceedings were ancillary to the Ontario proceedings. Abitbol's right to seek enforcement of the Mareva injunction as to those parties named therein, however, is still preserved. See Cermesoni v. Maneiro, 144 So. 3d 627 (Fla. 3d DCA 2014) (affirming Florida trial court's decision to carry out the cross-border request for assistance by recognizing the Argentinian Court's ruling and entering the injunction directed to specific Florida

11

assets in marital dissolution action first-filed in Argentina where Florida's jurisdiction was ancillary, not primary (citing <u>Cardenas v. Solis</u>, 570 So. 2d 996 (Fla. 3d DCA 1990)).[7]

## VI.  CONCLUSION

For the reasons set forth above, we affirm both orders on appeal.

Affirmed.

---

[7]  Nothing herein preludes Abitbol from seeking to add additional parties and claims in the Ontario Family Court case and to then seek enforcement of any orders entered with respect thereto in Miami-Dade.