# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2023-2067
LT Case No. 2021-CA-000325

_____

WILLIAM J. POIRIER, JR.,
Personal Representative of the
Estate of Maria M. Mosher,

     Appellant,

     v.

THE VILLAGES SENIOR HOUSING
I OPCO, LLC, AMERICAN TRUST
SENIOR CARE, LLC, DISCOVERY
SENIOR LIVING HOLDINGS, LLC,
and CHRISTINA WISE FRATES (as
to SUMTER PLACE IN THE
VILLAGES),

     Appellees.

_____


On appeal from the Circuit Court for Sumter County.
Jason J. Nimeth, Judge.

Lisa M. Tanaka, of Wilkes & Associates, P.A., Tampa, for
Appellant.

Jedidiah Vander Klok, of Kennedys CMK LLP, Miami, for
Appellees.


October 8, 2024

BOATWRIGHT, J.

Appellant, William J. Poirier, is the personal representative of the estate of Maria M. Mosher ("Estate"). He appeals the lower court's order dismissing (with prejudice) his fourth amended complaint, in which he alleged causes of action arising from the purported neglect of Maria M. Mosher ("Mosher") at an assisted living facility, where she died following an altercation with a fellow resident.

I.

In May of 2018, Mosher was admitted into the Appellees' assisted living facility, Sumter Place in the Villages, located in Sumter County, Florida. During her stay, Mosher was placed in the facility's memory care unit. On April 2, 2019, while still in the memory care unit, another resident, who had a history of wandering around the facility, entered into Mosher's room. An altercation ensued between this resident and Mosher which caused Mosher to fall to the floor and hit her head. As a result of the injury, Mosher died four days later from an intercranial hemorrhage.

The Estate filed a lawsuit against the assisted living facility and the individuals and entities responsible for its operation and management. The Estate then amended the complaint and filed claims of non-lethal negligence, lethal negligence, wrongful death, breach of fiduciary duty, and aiding and abetting breach of fiduciary duty. Upon a motion to dismiss by the Appellees, the trial court dismissed the Estate's complaint for failure to state ultimate facts entitling the Estate to relief pursuant to Florida Rule of Civil Procedure 1.110 (b) and granted the Estate leave to amend its complaint. Subsequently, the Estate filed second and third amended complaints asserting the same causes of action. The Appellees again filed motions to dismiss those complaints, arguing that the complaints lacked specificity and stated conclusions rather than ultimate facts to support the claims therein. The trial court agreed and dismissed both the second and third amended complaints based on the same reasoning, i.e., the Estate failed to state ultimate facts that would entitle the Estate to relief.

2

However, the court continued to grant the Estate leave to amend the complaint.

Pursuant to the court's leave to amend, the Estate filed the fourth amended complaint that is the subject of this appeal ("Complaint"), which included 15 separate counts against the Appellees. The Estate alleged causes of action against Appellees for lethal and non-lethal negligence (Counts I–VIII), wrongful death (Counts IX–XII), breach of fiduciary duty (Count XIII), and aiding and abetting breach of fiduciary duty (Count XIV–XV). The Appellees once again filed a motion to dismiss. After a hearing on the motion to dismiss, the trial court dismissed the fourth amended complaint based upon the Estate's "failure to plead ultimate facts necessary to establish the underlying causes of action and the damages relating thereto." At this point, the trial court dismissed the complaint with prejudice. This appeal follows.

The Estate argues on appeal that it alleged sufficient ultimate facts to support its claims. Alternatively, the Estate argues that the court erred by failing to grant it another opportunity to amend the complaint before dismissing it with prejudice. We agree with the Estate that the trial court erred in dismissing its complaint. Thus, whether the trial court erred by failing to grant the Estate another opportunity to amend its complaint is moot, and we need not reach that issue.

## II.

We review an order granting a motion to dismiss with prejudice de novo. *Bilbrey v. Myers*, 91 So. 3d 887, 890 (Fla. 5th DCA 2012) (citation omitted); *see also U.S. Bank Nat'l Ass'n o/b/o Ajax Mortg. Loan Tr. 2018-B Mortg.-Backed Notes v. Vadney,* 387 So. 3d 441 (Fla. 5th DCA 2024) ("[A]n order granting a motion to dismiss presents a pure question of law and is subject to de novo review." (quoting *Abitbol v. Benarroch,* 273 So. 3d 147, 153 (Fla. 3d DCA 2019)).

In reviewing a motion to dismiss, "the 'allegations of the complaint are assumed to be true and all reasonable inferences arising therefrom are allowed in favor of the plaintiff.'" *Bilbrey,* 91 So. 3d at 890 (quoting *Ralph v. City of Daytona Beach,* 471 So. 2d 1, 2 (Fla. 1983)). Additionally, the "purpose of a motion to dismiss" is not to evaluate factual disputes, but is rather solely "to test the

legal sufficiency of a complaint." *Id.* (citation omitted). Because the legal sufficiency of the complaint is determined by the four corners of the complaint, "the trial court may not rely on facts adduced in depositions, affidavits, or other proofs" when addressing a motion to dismiss. *Id.* (quoting *Chodorow v. Porto Vita, Ltd.,* 954 So. 2d 1240, 1242 (Fla. 3d DCA 2007)).

Florida is a fact-pleading jurisdiction. *Horowitz v. Laske,* 855 So. 2d 1069, 1072 (Fla. 5th DCA 2003). This Court has explained that under rule 1.110(b)(2), a plaintiff must allege "a short and plain statement of the ultimate facts showing that the pleader is entitled to relief." *Beckler v. Hoffman,* 550 So. 2d 68, 70 (Fla. 5th DCA 1989). We have elaborated that "[a]llegations can be made on three levels: (1) a description of the evidence itself, (2) a statement of ultimate facts, or (3) a conclusion of fact or law"; and have explained that "[u]nder [rule 1.110(b)(2)], ultimate facts should be alleged." *Id.* This means "[i]t is not necessary to allege evidentiary facts (i.e., the exact events described by reference to exact dates, places, persons involved)." *Id.* However, it is insufficient to allege mere conclusions. *Id.*; s*ee also Stein v. BBX Cap. Corp. & BBX Merger Subsidiary LLC,* 241 So. 3d 874 (Fla. 4th DCA 2018) ("To survive a motion to dismiss, a complaint must allege 'sufficient ultimate facts' showing entitlement to relief."). Thus "a conclusion of law is objectionable in pleading, but the statement of an ultimate fact, which necessarily is a conclusion drawn from intermediate and evidentiary facts, is not." *Williams v. Peninsular Grocery Co.*, 75 So. 517, 519 (Fla. 1917).

In this regard, "[t]he purpose of a complaint is to advise the defendant of the nature of the cause of action asserted by the plaintiff." *Kest v. Nathanson,* 216 So. 2d 233, 235 (Fla. 4th DCA 1969). A complaint is merely a tentative outline of the position that the plaintiff takes before the case is fully developed. *Vann v. Hobbs,* 197 So. 2d 43, 45 (Fla. 2d DCA 1967). "[W]here a complaint contains sufficient allegations to acquaint the defendant with the plaintiff's charge of wrongdoing so that the defendant can intelligently answer the same, it is error to dismiss the action on the ground that more specific allegations are required." *Meadows Cmty. Ass'n, Inc. v. Russell-Tutty*, 928 So. 2d 1276, 1278 (Fla. 2d DCA 2006) (quoting *Fontainebleau Hotel Corp. v. Walters*, 246 So. 2d 563, 565). This simplified pleading procedure is the primary intent of rule 1.110, which eliminated pleading technicalities. *Id.*

4

It is difficult to ascertain from the trial court's ruling why it found that the Estate had failed to allege sufficient causes of action against Appellees. The court did not orally rule following the hearing on the motion to dismiss, and it merely stated, without further elaboration, in the written order that the Estate had failed to allege ultimate facts to support the underlying causes of action. In its ruling, it intimated that the pleading was insufficient as it contained merely conclusions, rather than ultimate facts supporting each cause of action.

We disagree with the trial court, as the Estate's complaint clearly alleged ultimate facts to support the underlying causes of action. It was error for the trial court to require further specificity at this stage in the proceedings, as the complaint contained sufficient allegations to apprise the Appellees of the nature of the causes of action against them. Therefore, we reverse the trial court's order dismissing the Estate's complaint.

### III.

Accordingly, we reverse the order on appeal and remand for further proceedings consistent with this opinion.

REVERSED and REMANDED for further proceedings.

SOUD and MACIVER, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____